PROGRESSIVE COUNTY MUTUAL
INSURANCE COMPANY,
Petitioner,

v.

Barry BOYD, Respondent.

No. 04–0055.

Supreme Court of Texas.

Aug. 26, 2005.

David W. Holman, Robert Alan York, Godwin Gruber, LLP, Mark Lapidus, Burck Lapidus & Lanza, P.C., Diana Marie Sangalli, Holman Keeling & York, P.C., Houston, for petitioner.

Keith T. Gilbert, William T. Maxwell, Gilbert & Maxwell, P.L.L.C., Houston, for respondent.

PER CURIAM.

In this case, Progressive County Mutual Insurance Company denied reimbursement for damages sustained by Barry Boyd's automobile, and Boyd sued for breach of contract, bad faith, and related extra-contractual claims. The trial court severed the bad-faith and extra-contractual claims from the breach of contract claim

and granted Progressive's motion for summary judgment on the severed claims. The breach of contract suit then went to trial, and the jury found in favor of Progressive. The court of appeals affirmed the judgment in favor of Progressive in the breach of contract suit, but reversed the trial court's summary judgment as to the bad-faith and extra-contractual claims. Progressive filed a petition for review from the court of appeals' judgment in the severed suit. We conclude that even if the trial court erred by granting summary judgment as to the bad-faith and extra-contractual claims, the error was harmless because the jury finding in the breach of contract case negated coverage of the occurrence by Progressive's insurance policy. We reverse the court of appeals' judgment and render judgment that Boyd take nothing.

On March 20, 1997, Boyd was involved in a pre-dawn auto accident on a Houston freeway. His car hit the freeway guardrail and was irreparably damaged. Boyd was insured by Progressive. His policy included uninsured/underinsured-motorists (UIM) coverage, which covered damage to the car resulting from being struck by an "uninsured motor vehicle," which was defined to include "a hit and run vehicle whose operator or owner cannot be identified." Boyd sought recovery for the damage to his car under this provision. He asserted that his car was rear-ended by a hit-and-run vehicle and was pushed into the guardrail. After an investigation, Progressive denied Boyd's claim.

Boyd sued Progressive on several grounds. First, he alleged that Progressive breached the insurance contract by denying coverage. Second, he alleged that Progressive denied his claim in bad faith and such denial violated both the common-law duty of good faith and fair dealing and statutory duties imposed by article 21.21 of

the Insurance Code and sections 17.46 and 17.50 of the DTPA. See TEX. INS.CODE art. 21.21, § 3; TEX. BUS. & COM.CODE §§ 17.46(b); 17.50(a)(4). Third, he alleged that Progressive's failure to timely pay his insurance claim violated article 21.55 of the Insurance Code. See TEX. INS.CODE art. 21.55. Finally, Boyd alleged that Progressive's refusal to pay the inoperable car's storage fees at a private storage lot caused his car to be converted.

Boyd's pleadings make it clear that all his claims, including his conversion claim, are predicated on his insurance policy and the accident being covered under the insurance policy. For example, in regard to the conversion claim, his petition alleged that Progressive had a contractual duty "to move Boyd's vehicle to a storage lot which would incur no storage fees," and that Progressive's failure to do so "cause[d] a lien to be placed on ... Boyd's vehicle in an amount greater than the value of the vehicle," thus causing "Boyd's vehicle to be converted."

The trial court severed the extra-contractual claims from the breach of contract claim. Progressive then moved for summary judgment on all the extra-contractual claims. Boyd responded to Progressive's summary judgment motion as well as leveling special exceptions and objections to the motion. On June 13, 2000, the trial court granted summary judgment as to all claims in the severed suit.

The breach of contract claim was tried to a jury in September, 2000. The jury found that Boyd had not been involved in an accident with an uninsured vehicle. The trial court entered a take-nothing judgment in that suit.

Boyd appealed from both judgments. The court of appeals considered the two appeals together, although the appeals were not consolidated for administrative reasons. The court affirmed the breach of

contract judgment but held that the trial court erred in granting summary judgment on the extra-contractual claims. 170 S.W.3d 579. In reversing the summary judgment as to the extra-contractual claims, the court of appeals noted that (1) summary judgment cannot be affirmed on grounds not raised in the trial court, (2) the jury's finding was not before the trial court at the time it granted summary judgment, and (3) the conversion, DTPA, article 21.21, and article 21.55 sections 3(a) and 3(c) claims were improperly addressed by Progressive's motion for summary judgment, as Progressive erroneously asserted that these claims were recharacterizations of the bad-faith claim when in fact they required different elements of proof. 170 S.W.3d 579; *see also Stiles v. Resolution Trust Corp.*, 867 S.W.2d 24, 26 (Tex. 1993). The court of appeals also held that there was a fact issue on Boyd's common-law bad-faith claim. 170 S.W.3d 579. The court concluded that even if it could consider the jury's finding of a lack of coverage, this lack of coverage would not entitle Progressive to summary judgment on the common-law bad-faith claim, as a finding of "'no breach of contract'" would not "necessarily mandate a conclusion of 'no bad faith.'" *Id.* Because we conclude that the jury's findings may be considered on appeal and that there is no remaining issue of material fact, we reverse the court of appeals' judgment.

 The court of appeals properly noted that summary judgment cannot be affirmed on grounds not raised in the trial court and that the jury's finding was not before the trial court at the time of its summary judgment. 170 S.W.3d 579; *see also Stiles*, 867 S.W.2d at 26. However, we have previously held that a trial court's erroneous decision to grant summary judgment can be rendered harmless by subsequent events in the trial court. *See Mar-*

*tin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex.1998). In *Martin*, we noted that the trial court erred in granting defendants' motion for summary judgment without notice to the plaintiff. We held that the error was harmless because the court subsequently considered the plaintiff's response and reconfirmed its ruling. We concluded that a trial court is not required to vacate a summary judgment and then reinstate it to accomplish the same end. *Id.*

 In this case, the breach of contract claim was fully litigated after the summary judgment was granted. The subsequent trial, jury finding, and take-nothing judgment which was affirmed on appeal as to Boyd's coverage claim negate Boyd's extra-contractual claims. Boyd does not argue otherwise. We conclude that the subsequent events, being properly before the court of appeals and this Court, should be considered in determining harm from the trial court's grant of summary judgment. *See* TEX.R.APP. P. 44.1; TEX.R.APP. P. 61.1. We also conclude that these events demonstrate that there is no remaining issue of material fact.

First, Boyd's conversion claim is negated by the jury's finding that Boyd lacked coverage. Boyd did not allege that Progressive took any action in regard to having his vehicle placed in or being kept in the storage facility. He alleged only that his accident was covered by the Progressive policy and because Progressive did not pay the storage fees pursuant to its contractual obligation, his vehicle was converted. The subsequent jury finding and judgment in the breach of contract suit negate recovery on his conversion allegations.

Boyd asserted that Progressive's motion for summary judgment was conclusory and did not address the elements of his conversion claim. Progressive's motion for sum-

mary judgment may have been subject to special exception and objection because of generality or for other reasons. Indeed, Boyd attacked the motion for summary judgment by such vehicles. Nevertheless, Progressive's motion sought judgment on all extra-contractual causes of action, including the conversion claim. Even if Progressive's summary judgment motion as to Boyd's conversion claim was deficient and subject to special exception or objection, the claim was addressed by the motion. If the trial court erred in granting the motion for summary judgment as to the conversion claim, the error was harmless. *See* TEX.R.APP. P. 44.1; TEX.R.APP. P. 61.1.

Boyd's claim that Progressive violated sections 3(a) and 3(c) of Insurance Code article 21.55 is also negated by the lack of coverage. Article 21.55 establishes requirements for the prompt payment of claims. TEX. INS.CODE art. 21.55. There can be no liability under article 21.55 if the insurance claim is not covered by the policy. *See id.* (providing that damages are to be awarded when the insurer is liable "pursuant to a policy of insurance"); *see also Mid–Century Ins. Co. of Tex. v. Barclay,* 880 S.W.2d 807, 811 (Tex.App.-Austin 1994, writ denied). As with its motion for summary judgment on Boyd's conversion claim, Progressive's motion for summary judgment as to the extra-contractual claims for violations of sections 3(a) and 3(c) may have been subject to special exception or objection because of generality or for other reasons. But, the claims were addressed by the motion. If the trial court erred in granting the motion for summary judgment as to the sections 3(a) and 3(c) claims, the error was harmless. *See* TEX.R.APP. P. 44.1; TEX.R.APP. P. 61.1.

Boyd's common-law bad-faith claims are also negated by the determination in the breach of contract claim that there was no coverage. *Am. Motorists Ins. Co. v. Fodge,* 63 S.W.3d 801, 804 (Tex.2001). We have left open the possibility that an insurer's denial of a claim it was not obliged to pay might nevertheless be in bad faith if its conduct was extreme and produced damages unrelated to and independent of the policy claim. *Id.; see also Republic Ins. Co. v. Stoker,* 903 S.W.2d 338, 341 (Tex.1995). Boyd has made no such allegations. He alleges only that Progressive improperly denied his claim and failed to fairly investigate the facts of the accident. He does not allege that he suffered any damages unrelated to and independent of the policy claim. If the trial court erred in granting summary judgment on the common-law bad-faith claims, the error was harmless. *See* TEX.R.APP. P. 44.1; TEX.R.APP. P. 61.1.

Because the common-law bad-faith standard is the same as the statutory standard, Boyd's claim for treble damages predicated on bad faith pursuant to article 21.21 of the Insurance Code and section 17.46 of the DTPA must likewise fail. *Stewart Title Guar. Co. v. Aiello,* 941 S.W.2d 68, 72 (Tex.1997) (holding that although a jury finding of bad faith in handling an insurance claim could sustain a claim "that the insurer engaged in an unlisted deceptive trade practice under section 17.46 of the DTPA," the lack of such a jury finding would preclude a bad-faith claim under section 17.46); *see also Mid–Century Ins. Co. v. Boyte,* 80 S.W.3d 546, 549 (Tex. 2002). The determination that Boyd's article 21.21 claim is not valid disposes of Boyd's claim under 17.50 of the DTPA, which is also predicated on a' violation of article 21.21 of the Insurance Code. *See* TEX. BUS. & COM.CODE § 17.50(a)(4) (allowing a consumer to bring a DTPA claim for an act or practice in violation of article 21.21, Insurance Code). Again, if the trial court erred in granting the motion for summary judgment as to these claims,

the error was harmless. *See* TEX.R.APP. P. 44.1; TEX.R.APP. P. 61.1.

Accordingly, without hearing oral argument, we reverse the court of appeals' judgment and render judgment that Boyd take nothing. TEX.R.APP. P. 59.1.

Justice WILLETT did not participate in the decision.