NO. 07-07-0134-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



OCTOBER 2, 2008



______________________________





KIRK LABOR, APPELLANT



v.



ROBERT WARREN, M.D., JOHANNA JONES, DAVID

HENDRICKS, M.D., AND TED MARGO, M.D., APPELLEES



_________________________________



FROM THE 48TH DISTRICT COURT OF TARRANT COUNTY;



NO. 048-199461-03; HON. DAVID EVANS, PRESIDING



_______________________________



Before CAMPBELL and HANCOCK and PIRTLE, JJ.
Opinion
          Appellant, Kirk Labor, appeals a summary judgment ruling dismissing his claims for
tortious interference with prospective business relationship against appellees, David
Hendricks and Ted Margo. Labor additionally appeals the trial court’s award of costs in
favor of appellees, Hendricks, Margo, and Robert Warren. We affirm.
 
Background
          In 1999, Dr. Kirk Labor practiced with Ophthalmology Associates (hereafter “OA”). 
Toward the end of 1999, Labor left the employ of OA to tend to a sick relative. In 2001,
Labor sought to return to OA. The shareholders of OA held a meeting to discuss whether
to rehire Labor. At this meeting, Johanna Jones, the office manager for OA, disclosed to
the shareholders that there had been rumors that, during his prior employment with OA,
Labor may have been involved in an extra-marital relationship with an OA staff technician. 
In addition, Jones indicated that Labor had failed to return a payroll check that had been
erroneously issued to him, though she also indicated that he did not cash the check. 
Following the meeting, the shareholders of OA decided to rehire Labor and he began work
in January 2002.
          At some point during his 2002 employment with OA, Labor learned of the comments
that Jones had made at the shareholder meeting. In August of 2002, Labor gave a letter
of resignation to OA, which became effective at the end of November. In conjunction with
his resignation, Labor and OA reached an agreement that Labor would pay OA $150,000
to be released from the noncompete clause in his employment agreement. This release
further provided that OA will have discretion whether to provide patients with contact
information for Labor’s new practice and that OA may charge patients for medical records
at the cost established by OA at the time the records are requested.
          While working for OA in 2002, Labor worked out of a Mineral Wells office that OA
subleased from another OA doctor, Cary Labbe. Near the time that Labor’s resignation
became effective, Labbe resigned and sought an early termination of the sublease
agreement. OA and Labbe negotiated an early termination of the sublease that provided
OA a transition period, during which OA had full right of use of the property, until June 1,
2003. In addition, the early termination agreement specifically provided that no non-OA
ophthalmologists could treat any patients in the premises during the transition period. As
Labor and Labbe had planned a business relationship to use the office subleased to OA,
the early termination agreement forced Labor to obtain different office space for some time.
          Labor brought suit against Warren, Hendricks, Margo, and Jones alleging
defamation, libel, slander, tortious interference with contract, and tortious interference with
prospective business relations. Prior to trial, the defendants filed a Motion for Partial
Summary Judgment. The trial court granted the motion in part and denied in part. 
Subsequently, the defendants filed a Motion for Summary Judgment on All of Plaintiff’s
Remaining Claims. The trial court again granted parts of the motion and denied other parts. 
The combined effect of the trial court’s summary judgment rulings was to dismiss each of
Labor’s claims except for certain claims made against Jones and two claims of defamation
made against Warren.
          During the trial on these remaining claims, Labor and Jones reached a settlement
and the claims against Jones were dismissed with prejudice. The defamation claims
against Warren were tried and submitted to the jury. The claims against Warren that were
submitted to the jury alleged that, in June of 2002, Warren made a defamatory statement
to Labbe concerning Labor and, at an unspecified time, Warren made a defamatory
statement about Labor to the daughter of one of Labor’s former patients. The jury found
that Warren did not make a defamatory statement in either of these instances and the trial
court entered judgment on the verdict and its summary judgment rulings. In addition, the
judgment awarded court costs to Hendricks, Margo, and Warren.
          By three issues, Labor appeals this judgment. By his first issue, Labor contends that
the trial court erred in dismissing his defamation and tortious interference with business
relationship claims against Hendricks. By his second issue, Labor contends that the trial
court erred in dismissing his tortious interference with business relationship claim against
Margo. By his third issue, Labor contends that the trial court erred in awarding costs to
appellees in the absence of proof of these costs. We will address Labor’s issues in the
following order: the propriety of the court’s summary judgment dismissal of Labor’s
defamation claim against Hendricks (Issue One), the propriety of the court’s summary
judgment dismissal of the tortious interference claims against Hendricks and Margo (Issues
One and Two), and then the judgment’s award of costs (Issue Three).
Standard of Review on Summary Judgment Issues
          Each of Labor’s first two issues challenge summary judgment rulings made by the
trial court. A party may prevail on a traditional summary judgment motion by conclusively
establishing the absence of any genuine issue of a material fact and that the party is entitled
to judgment as a matter of law. Tex. R. Civ. P. 166a(c). We review the granting of such a
conclusively-established summary judgment using the standards set out in Nixon v. Mr.
Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985): 
1. The movant for summary judgment has the burden of showing that there
is no genuine issue of material fact and that it is entitled to judgment as a
matter of law. 
2. In determining whether there is a disputed issue of material fact
precluding summary judgment, evidence favorable to the non-movant will be
taken as true.
3. Every reasonable inference must be indulged in favor of the non-movant
and any doubts resolved in its favor.
          If the movant for summary judgment is a defendant, then, in order to be entitled to
summary judgment, the movant must disprove at least one of the elements of the non-movant’s cause of action, or, alternatively, the movant must prove each element of an
affirmative defense. Randall’s Food Mkts., Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex.
1995). Evidence favoring the movant’s position is not considered unless it is
uncontroverted. Putthof v. Ancrum, 934 S.W.2d 164, 167-68 (Tex.App.–Fort Worth 1996,
writ denied). 
Claims of Defamation Against Hendricks
          Labor contends that the trial court erred in determining, by way of summary
judgment, that Warren was not acting as Hendricks’s agent when Warren allegedly
republished defamatory statements originally made by Jones. Labor does not generally
assign error in the trial court’s summary judgment ruling. Labor also does not challenge
the trial court’s specific summary judgment rulings that Hendricks did not directly defame
Labor and that there was no evidence to support any allegation that Warren made
defamatory statements, other than in regard to the two issues that were submitted to the
jury. In respect of those two alleged defamatory statements, Labor does not challenge the
jury’s findings that Warren did not defame Labor in those two specific instances. 
          A judgment may not be reversed on appeal on the ground that the trial court erred
unless such error probably caused the rendition of an improper judgment or probably
prevented the proper presentation of the case on appeal. Tex. R. App. P. 44.1(a). A jury’s
finding in a trial that comes after a summary judgment ruling can render error in the
summary judgment ruling harmless. See Progressive County Mut. Ins. Co. v. Boyd, 177
S.W.3d 919, 921 (Tex. 2005). An appellate challenge to a summary judgment ruling must
challenge each ground upon which the ruling could be supported or it must generally
assign error to the grant of summary judgment. See Malooly Bros., Inc. v. Napier, 461
S.W.2d 119, 121 (Tex. 1970).
          By his first issue, Labor contends that the trial court erred in making the summary
judgment ruling that Warren was not Hendricks’s agent. However, for the existence of an
agency relationship between Warren and Hendricks to constitute a material fact issue in the
present case, there would have to be some basis to support a determination that Warren
defamed Labor in order for liability for that defamation to be imputed to Hendricks based
on the existence of the agency. However, as Labor does not challenge any of the findings
that neither Hendricks nor Warren defamed him, we conclude that the trial court’s ruling that
no agency relationship existed between Warren and Hendricks, even if erroneous, was
rendered harmless by the unchallenged findings that Warren did not defame Labor. See
Progressive County Mut. Ins. Co., 177 S.W.3d at 921.
Tortious Interference Claims
          By his first and second issues, Labor contends that the trial court erred in granting
summary judgment in favor of Hendricks and Margo in regard to Labor’s claims of tortious
interference with potential business relationships. 
          To establish a claim of tortious interference with a prospective business relationship,
a plaintiff must establish: (1) a reasonable probability that the plaintiff would have entered
into the business relationship; (2) an independently tortious or unlawful act by the defendant
that prevented the relationship from occurring; (3) the defendant did such act with a
conscious desire to prevent the relationship from occurring or knew that the interference
was certain or substantially certain to occur; and (4) the plaintiff suffered actual harm or
damages as a result of the defendant’s interference. Baty v. ProTech Ins. Agency, 63
S.W.3d 841, 860 (Tex.App.–Houston [14th Dist.] 2001, pet. denied). An independently
tortious act need not be proven to be an independent tort, but the plaintiff must prove that
the defendant’s conduct would be actionable under a recognized tort. Wal-Mart Stores, Inc.
v. Sturges, 52 S.W.3d 711, 726 (Tex. 2001). However, conduct that is merely “sharp” or
unfair is not actionable and cannot be the basis for an action for tortious interference with
prospective business relationships. Id. 
          On appeal, Labor bases his claims that Hendricks and Margo tortiously interfered
with Labor’s prospective business relationship with Labbe on the “independently tortious or
unlawful act” of Warren, as an agent of Hendricks and Margo, making defamatory
statements to Labbe that Labor had an affair with an OA technician in 1999.


 However, as
addressed above, Labor has not appealed the summary judgment rulings or jury findings
that Warren did not defame Labor. Thus, Labor’s claims of defamation do not identify a
tortious or unlawful act as is required to state a claim of tortious interference with business
relationship. As a result, we conclude that the trial court did not err in dismissing Labor’s
tortious interference claims against Hendricks and Margo.
          For the foregoing reasons, we overrule Labor’s first two issues.
Award of Court Costs
          By his third issue, Labor contends that the trial court erred in awarding costs to
Hendricks, Margo, and Warren because the appellees did not file a written motion
requesting an award of costs and did not prove up the costs they incurred. 
          As a general rule, the successful party to a suit shall recover of his adversary all
costs incurred therein. See Tex. R. Civ. P. 131. The allocation of costs is a matter for the
trial court’s discretion and cannot be overturned on appeal absent an abuse of discretion. 
Madison v. Williamson, 241 S.W.3d 145, 157 (Tex.App.–Houston [1st Dist.] 2007, pet.
denied). It is an abuse of discretion for a trial court to rule arbitrarily, unreasonably, or
without regard to guiding legal principles. Goode v. Shoukfeh, 943 S.W.2d 441, 446
(Tex.1997).
          A successful party need not pray for or file a written motion for costs because Rule
131 of the Texas Rules of Civil Procedure entitles the prevailing party to an award of costs
regardless of whether that party moved for them. Thompson v. Beyer, 91 S.W.3d 902, 904
(Tex.App.–Dallas 2002, no pet.); City of Irving v. Dallas/Fort Worth Int’l Airport Bd., 894
S.W.2d 456, 471 (Tex.App.–Fort Worth 1995, writ denied). While the appellees were not
required to file a written request for costs, the appellees’ First Amended Answer does
request that the appellees “recover their costs . . . .” Thus, we cannot conclude that the trial
court abused its discretion in awarding costs to the appellees based on the appellees’
failure to file a written request for costs.
          A successful party in a lawsuit is not required to submit an accounting of its court
costs to the trial court or opposing counsel before judgment may be entered adjudicating
costs. See Tex. Civ. Prac. & Rem. Code Ann. § 31.007(a) (Vernon 2008); Madison, 241
S.W.3d at 158. Rather, the successful party is responsible to submit a record of its court
costs to the court clerk so that the clerk can perform its ministerial duty and tax costs in
accordance with Texas Rule of Civil Procedure 622. Id. Thus, we cannot conclude that the
trial court abused its discretion in awarding costs to the appellees even though the
appellees did not submit an itemized accounting of their costs to the trial court or opposing
counsel.
          We overrule Labor’s third issue.
Conclusion
          Having overruled each of Labor’s appellate issues, we affirm the judgment of the trial
court.
 
Mackey K. Hancock

Justice