**Derek Scott SMITH, Appellant,**

v.

**MOODY GARDENS, INC., Appellee.**

**No. 01–09–00359–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 17, 2011.

Jennifer B. Hogan, Matthew E. Coveler, Richard P. Hogan Jr., Hogan & Hogan, L.L.P, John Manuel Padilla, Natasha Sa-deghian De La Garza, Padilla, Rodriguez & De La Garza L.L.P., Houston, TX, for Appellant.

Kevin B. Finkel, Hill Kinkel & King, LLP, Houston, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices ALCALA and BLAND.

## OPINION

ELSA ALCALA, Justice.

This appeal concerns a skater who fell on an ice skating rink, purportedly due to a deep groove in the ice that had resulted from improper maintenance. The skater, appellant Derek Scott Smith, appeals a take-nothing judgment following a jury trial on his claim for breach of a statutory duty by the ice skating rink operator, appellee Moody Gardens, Inc., and a summary judgment dismissing his common law claims. In two issues, Smith contends that the jury's finding of no breach of the statutory duty or no proximate causation was against the great weight and preponderance of the evidence and that the trial court erred by granting Moody Gardens's motion for summary judgment as to his common law claims for negligence and premises liability. We conclude that the jury's finding is supported by factually sufficient evidence and, therefore, affirm the judgment as to Smith's claim for breach of a statutory duty. We also conclude that any error in the trial court's rendition of summary judgment as to Smith's common law claims for negligence and premises liability are harmless based on the jury's findings against Smith concerning his claim for a breach of a statutory duty.

## Background

Moody Gardens operated an ice staking rink for a limited time during the winter

season. Each day, Moody Gardens offered two skating sessions open to the public: an afternoon session open at 12:00 p.m. and an evening session open from 6:00 to 10:00 p.m. Moody Garden's usual operating practice was to resurface the ice once before each session. In contrast, the evidence showed that the standard industry practice is to resurface the ice once every hour.

One day in December 2005, Smith took his family to skate at the rink. Sometime between 5:00 and 6:00 p.m., the ice was resurfaced. At around 8:45 p.m., the Smith family began to skate. After taking a break off the ice, Smith re-entered the rink and skated toward his wife to inform her he was ready to leave. As he approached his wife's location, he slowed down, had a conversation with her, and turned to leave the rink. Smith fell. After falling, Smith observed that his right blade was in a groove in the ice. Although no one else saw the groove, the evidence showed the ice skating surface was rough and bumpy at the time of Smith's fall. The rink was fairly busy that night, and a noticeable amount of ice shaving lay on the ice skating surface. As a result of his fall, Smith suffered personal injuries.

Smith filed a lawsuit against Moody Gardens for common law negligence and premises liability based on the assertion that the ice skating surface, particularly the groove, constituted a defective premises condition, and for Moody Gardens's breach of its statutory duty as an ice skating rink operator to inspect and maintain in good condition the ice skating surface. The statutory claim was made under section 760.002 of the Texas Health and Safety Code, which we will refer to as the Ice Skating Rink Statute. Although the Ice Skating Rink Statute lists multiple duties for ice skating rink operators, Smith's pleadings asserted only one violation of the statute, which was Moody Gardens's failure to inspect and maintain in good condition the ice skating surface.

Moody Gardens filed motions for summary judgment for the statutory and common law claims. The trial court, without stating its reasoning, granted Moody Gardens's no-evidence motion for summary judgment as to Smith's common law claims for negligence and premises liability. The trial court, however, denied summary judgment on the statutory claim that was later resolved by a jury verdict in favor of Moody Gardens. The jury charge instructed the jury that negligence referred to any failure of Moody Gardens to inspect and maintain in good condition the ice skating surface. That definition for negligence is based on one of the statutory duties in the Ice Skating Rink Statute. The jury determined that this negligence, if any, did not proximately cause Smith's fall. Accordingly, the trial court entered a take-nothing judgment.

### Factual Sufficiency as to Breach of the Statutory Duty

In his second issue, Smith asserts a factual sufficiency challenge to the jury's negative finding on his statutory claim. He contends that the great weight and preponderance of the evidence is contrary to the jury's finding that Smith's fall was not proximately caused by any failure of Moody Gardens to inspect and maintain in good condition the ice skating surface.

#### A. Standard of Review

To prevail on a challenge that the evidence is factually insufficient to support an adverse finding on an issue on which the complaining party has the burden of proof, that party must show that the adverse finding is against the great weight and preponderance of the evidence. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex.2001); *Marin v. IESI TX Corp.*, 317 S.W.3d 314, 334 (Tex.App.-Houston [1st

Dist.] 2010, pet. filed). In conducting a factual sufficiency review, an appellate court must consider and weigh all the evidence and should set aside the verdict only if the evidence is so weak or the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *Dow Chem.,* 46 S.W.3d at 242. An appellate court addresses the sufficiency of the evidence in light of the jury charge given and the jury findings in response to that charge. *Barker v. Eckman,* 213 S.W.3d 306, 313 (Tex.2006); *Marin,* 317 S.W.3d at 334. The jury is the sole judge of the credibility of witnesses and the weight to be given to their testimony, and an appellate court must not merely substitute its own judgment for that of the jury. *Golden Eagle Archery, Inc. v. Jackson,* 116 S.W.3d 757, 761 (Tex. 2003); *Marin,* 317 S.W.3d at 334.

### B. Ice Skating Rink Statute

An ice skating rink operator may be held liable in negligence for damages for personal injury only if the personal injury is caused by a breach of a duty prescribed in section 760.002 of the Texas Health and Safety Code. TEX. HEALTH & SAFETY CODE ANN. § 760.006(a) ("Except for actions against an operator for gross negligence, malice, or intentional conduct, an operator is not liable in negligence for damages for personal injury, property damage, or death unless the personal injury, property damage, or death is caused by a breach of a duty prescribed in Section 760.002."). Section 760.002 lists the following duties of an ice skating rink operator:

(1) to provide during public skating sessions at least one rink monitor approximately per 200 ice skaters,

(2) to require rink monitors to wear identifying attire, direct and supervise skaters and spectators, and watch for and timely remove foreign objects on the ice skating surface,

(3) to inspect and maintain in good condition the ice skating surface and surrounding floors, railings, boards, and walls,

(4) to inspect and maintain in good mechanical condition ice skating equipment that the operator leases or rents to ice skaters,

(5) to comply with the risk management guidelines for ice skating rinks endorsed by the board of directors of the Ice Skating Institute of America on August 27, 1996,

(6) to post in conspicuous places in the ice skating center the duties of ice skaters and spectators ...,

(7) to maintain the stability and legibility of all required signs, symbols, and posted notices, and

(8) to maintain liability insurance of at least $500,000 combined single limits for personal injury, death, or property damage.

*Id.* § 760.002. Although eight duties are listed in the Ice Skating Rink Statute, only one is pleaded by Smith, the duty to inspect and maintain in good condition the ice skating surface, and this is the sole statutory duty mentioned in the jury charge. *See id.* § 760.002(3).

### C. Proximate Cause Requirement for Statutory Claim

The charge asks the jury whether "the negligence, if any, of [Moody Gardens] proximately cause[d]" Smith's fall. The jury's response is "No." The charge poses a compound question asking the jury to indicate "yes" only if (1) Moody Gardens failed to inspect and maintain in good condition the ice skating surface and (2) that failure proximately caused Smith's fall. By responding "No," the jury indicates that it found either (1) that Moody Gardens did not breach its statutory duty or (2) that Moody Gardens breached its statu-

tory duty but that the breach did not proximately cause Smith's fall. Accordingly, the evidence is factually insufficient to support the jury's response only if the great weight and preponderance of the evidence indicates both that (1) Moody Gardens did breach its statutory duty and (2) the breach is the proximate cause of Smith's fall. *See Dow Chem.*, 46 S.W.3d at 242; *Marin*, 317 S.W.3d at 334.

■ The court's charge defines "proximate cause" as

> that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

*Cf. W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550–51 (Tex.2005) (stating elements of proximate causation in negligence action). Proof of proximate causation, therefore, requires both that (1) the breach caused in fact Smith's fall and (2) a person of ordinary intelligence would have anticipated the danger caused by the breach. *Cf. W. Invs.*, 162 S.W.3d at 551; *Sw. Key Program, Inc. v. Gil–Perez*, 81 S.W.3d 269, 274 (Tex.2002). The dispositive inquiry here focuses on the evidence concerning whether the breach of the duty to inspect and maintain in good condition the ice skating surface caused in fact Smith's fall. Unless the great weight and preponderance of the evidence shows that Smith's fall was caused in fact by Moody Gardens's breach of that statutory duty, we must uphold the jury's verdict. *See W. Invs.*,

162 S.W.3d at 550–51; *Sw. Key Program*, 81 S.W.3d at 274.

### D. Analysis

Smith's only theory of the case, argued at trial and asserted on appeal, as to causation in fact is that Moody Garden's failure to inspect and maintain the ice caused the formation of a deep groove and that it was this groove that caused his fall. The only evidence of causation comes from Smith's expert witness, who testified that a deep groove in the ice could cause a serious fall. Nevertheless, even accepting the expert's testimony, the jury could have reasonably found against Smith.

Other than Smith, no one saw a deep groove in the ice before or after his fall. The only evidence that a deep groove existed is Smith's own testimony that after his fall, he saw his right skate blade stuck in a "deep groove" in the ice.[1] However, this testimony was impeached by a prior inconsistent statement made during Smith's deposition in which he agreed that the groove he saw was only "a little deeper than most." Moreover, Smith testified that immediately prior to his fall, he did not feel his leg drop or the blade of his skate slip into a groove. Based on inconsistency in Smith's statements and his testimony that he did not feel any indication of the groove, the jury could have reasonably found either that no groove existed or that the groove existed but was not so deep as to cause a serious fall. Furthermore, because there is no evidence that a groove existed before Smith's fall, the jury could have reasonably believed that the groove was a result of Smith's fall, not its cause. We conclude that the great weight and preponderance of the evidence does not render a jury finding of no causation in fact clearly wrong and unjust. *See Dow Chem.*, 46 S.W.3d at 242; *Marin*, 317

---

1. It should be noted that Smith's expert did insist on the existence of a deep groove; however, he was neither a fact witness nor present on the day in question.

S.W.3d at 334. We hold that the evidence is factually sufficient to support the jury's finding that Smith's fall was not proximately caused by any failure of Moody Gardens "to inspect and maintain in good condition the ice skating surface."

We overrule Smith's second issue.

### No–Evidence Summary Judgment

■ In his first issue, Smith contends that the trial court erred by granting Moody Garden's no-evidence motion for summary judgment as to his common law claims for negligence and premises liability. Assuming the trial court erred by rendering summary judgment on the common law claims for negligence and premises liability, we conclude the error is harmless.

■ A judgment may be reversed on appeal on the ground that the trial court made an error of law only if the error complained of (1) probably caused the rendition of an improper judgment or (2) probably prevented the appellant from properly presenting the case to the appellate courts. TEX.R.APP. P. 61.1. Subsequent events in the trial court can render the erroneous grant of summary judgment harmless. *Progressive County Mut. Ins. Co. v. Boyd,* 177 S.W.3d 919, 921 (Tex. 2005); *see also Martin v. Martin, Martin & Richards, Inc.,* 989 S.W.2d 357, 359 (Tex.1998). Thus, in conducting a harm analysis, an appellate court should consider subsequent events in the trial court that

are properly before it. *Progressive County Mut. Ins.,* 177 S.W.3d at 921.

As noted above, the jury determined that any breach of the duty to inspect and maintain in good condition the ice skating surface did not proximately cause Smith's fall. Smith seeks to re-litigate that same theory re-characterized as claims for premises liability and ordinary negligence.[2] Smith's only theory for his common law claims is that a groove in the ice caused his fall because Moody Gardens failed to adequately maintain the ice skating surface to prevent the accumulation of ice shaving and grooves. This same theory underlies the statutory claim found against Smith by the jury. Because the jury found against Smith on the statutory claim, that finding negates recovery for the common law claims. *See Progressive County Mut. Ins.,* 177 S.W.3d at 921; *W. Invs.,* 162 S.W.3d at 550.

Smith asserts that our decision in *Alpert v. Riley* supports his position that the error is not harmless. *See Alpert v. Riley,* 274 S.W.3d 277, 286 n. 5 (Tex.App.-Houston [1st Dist.] 2008, pet. denied). There, we determined that the jury charge did not instruct the jury to apply any law or make any fact finding that the trial court decided in the summary judgments. *See id.* In contrast, here the jury's finding against Smith on his statutory claim includes the same facts and theory for Smith's claims described in the summary judgment.

---

2. Premises liability and negligent-activity each include elements that the defendant owed the plaintiff a duty of care, the defendant breached the applicable standard of care, and the breach proximately caused damages. *W. Invs., Inc. v. Urena,* 162 S.W.3d 547, 550 (Tex.2005); *Clayton W. Williams, Jr., Inc. v. Olivo,* 952 S.W.2d 523, 529 (Tex.1997); *West v. SMG,* 318 S.W.3d 430, 438 (Tex.App.-Houston [1st Dist.] 2010, no pet.). The applicable standard of care for a premises owner

with respect to an invitee is that which a person of ordinary prudence would have exercised under the same or similar circumstances. *See LMB, Ltd. v. Moreno,* 201 S.W.3d 686, 688 (Tex.2006). However, recovery on a negligent-activity theory requires that the person have been injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity. *Keetch v. Kroger Co.,* 845 S.W.2d 262, 264 (Tex.1992).

Smith contends that we should remand the case so that he can pursue other statutory duties under the Ice Skating Rink Statute. But no other duties, other than the one included in the jury charge, were pleaded by Smith. The sole pleaded statutory duty was tried to the jury following the denial of the summary judgment. The trial court did not grant summary judgment against Smith on his claims under the duties described in Ice Skating Rink Statute, and he received a jury trial on the statutory duties that he pleaded. We may not, therefore, reverse the summary judgment addressing the common law claims so that Smith can pursue other duties described in the Ice Skating Rink Statute because those statutory duties were not the basis of the summary judgment rendered against him. *See* TEX.R. CIV. P. 166a(c).

Smith also challenges Moody Gardens' assertion that the Ice Skating Rink Statute entirely precludes any common law claim. Smith contends Moody Gardens waived that argument by failing to present it at trial. Having determined that any error in the summary judgment ruling was harmless for reasons other than the exclusivity of the statute, we do not address that issue.

We overrule Smith's first issue.

### Conclusion

We affirm the judgment of the trial court.