ACCEPTED
01-14-00133-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
6/1/2015 4:09:19 PM
CHRISTOPHER PRINE
CLERK

**No. 01-14-00133-CV**

_____

IN THE COURT OF APPEALS
FOR THE FIRST COURT OF APPEALS DISTRICT OF TEXAS
HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
6/1/2015 4:09:19 PM
CHRISTOPHER A. PRINE
Clerk

_____

**UNITED SERVICES AUTOMOBILE ASSOCIATION,**

*Appellant/Cross-Appellee*

v.

**JOSEPH HAYES, JR. AND JOANNE HAYES,**

*Appellees/Cross-Appellants*

_____

On Appeal from Cause No. 2009-63319
In the 165th Judicial District Court of Harris County, Texas

_____

**APPELLANT UNITED SERVICES
AUTOMOBILE ASSOCIATION'S SUPPLEMENT
TO ITS APPELLANT'S BRIEF**

_____

Levon G. Hovnatanian
State Bar No. 10059825
*hovnatanian@mdjwlaw.com*
Christopher W. Martin
State Bar No. 13057620
*martin@mdjwlaw.com*
Kevin G. Cain
State Bar No. 24012371
*cain@mdjwlaw.com*
MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
808 Travis, 20th Floor
Houston, Texas 77002
(713) 632-1700 – Telephone
(713) 222-0101 – Facsimile

# TABLE OF CONTENTS

**PAGE**

TABLE OF CONTENTS.................................................................................i

TABLE OF AUTHORITIES ........................................................................ ii

ARGUMENT ..............................................................................................1

I.    USAA CHALLENGES THE JURY'S FINDING IN RESPONSE TO QUESTION 1A, IN REGARD TO NOT ONLY THE ROOF, BUT ALSO THE GARAGE DOOR AND "OTHER EXTERIOR DAMAGE." ................................................................................1

II.    THE JURY'S ANSWERS TO QUESTION 4 CANNOT SUPPORT AN AWARD OF DAMAGES. ....................................................................1

III.    THE HAYES ARE NOT ENTITLED TO AN AWARD PREDICATED ON THE JURY'S FINDINGS IN RESPONSE TO QUESTION 5. .............................................................................................2

CONCLUSION AND PRAYER FOR RELIEF........................................................2

CERTIFICATE OF COMPLIANCE ................................................................3

CERTIFICATE OF SERVICE .........................................................................4

i

# TABLE OF AUTHORITIES

**PAGE**

**Cases**

*Ashford Partners, Ltd. v. ECO Res., Inc.*,
401 S.W.3d 35 (Tex. 2012) ............................................................................ 1

*Grafa v. Morgan*,
696 S.W.2d 492 (Tex. App.—El Paso 1985, writ dism'd) ................................ 2

*Hanson v. Republic Ins. Co.*,
5 S.W.3d 324 (Tex. App.—Houston [1st Dist.] 1999, pet. denied)................. 1, 2

*Progressive County Mut. Ins. Co. v. Boyd*,
177 S.W.3d 919 (Tex. 2005) ......................................................................... 2

*Smithdale Court, Inc. v. Kelly*,
1993 WL 282922 (Tex. App.—Houston [1st Dist.] 1993, no writ).................... 2

I. **USAA CHALLENGES THE JURY'S FINDING IN QUESTION 1A REGARDING THE GARAGE DOOR AND "OTHER EXTERIOR DAMAGE."**

There is no evidence that USAA failed to compensate the Hayes for their garage door and other exterior damage. Berke testified that USAA's payments included the cost to replace the garage door and to repair the gas light. RR 5:146-51, 153. Wilsford testified that a soffit on the Hayes' house had been repaired but that another one on their house had not. RR 6:140-41. However, testimony that something had not been repaired is not evidence that USAA did not pay the Hayes so the repair could be made.

Because there is no evidence of a breach of contract regarding the roof, and there was no evidence that USAA failed to compensate the Hayes for their garage door and other exterior damage, the Hayes were not entitled to an award for breach of contract or attorney's fees based on breach of contract. *See Ashford Partners, Ltd. v. ECO Res., Inc.*, 401 S.W.3d 35, 40-41 (Tex. 2012).

II. **THE JURY'S ANSWERS TO QUESTION 4 CANNOT SUPPORT A DAMAGES AWARD.**

Question 4 inquired about unfair or deceptive acts or practices. CR 503. A claim of unfair or deceptive acts or practices is an extra-contractual claim. *Hanson v. Republic Ins. Co.*, 5 S.W.3d 324, 327 (Tex. App.—Houston [1st Dist.] 1999, pet. denied). Because USAA did not breach the policy (*see* RR 5:146-51, 153; RR 6:140-41), extra-contractual damages and attorney's fees based on extra-

1

contractual damages are not recoverable. *See Progressive County Mut. Ins. Co. v. Boyd*, 177 S.W.3d 919, 922 (Tex. 2005).

## III. THE HAYES ARE NOT ENTITLED TO AN AWARD PREDICATED ON THE JURY'S FINDINGS IN QUESTION 5.

Regarding the $20,000 award in Question 5 for exterior damage (CR 504), the answer to Question 1B—that USAA did not fail to comply with the policy regarding *interior* damage (CR 500)—cannot support the award. *See Smithdale Court, Inc. v. Kelly*, 1993 WL 282922, at *2 (Tex. App.—Houston [1st Dist.] 1993, no writ). The jury's answer to Question 1A (that USAA failed to comply with the policy regarding exterior damage) (CR 500) also cannot support it, because, as shown above, there is no evidence that USAA breached the contract regarding exterior damage. *See* RR 5:146-51, 153; RR 6:140-41. Without liability for breach of contract, there can be no breach of contract damages. *See Grafa v. Morgan*, 696 S.W.2d 492, 493 (Tex. App.—El Paso 1985, writ dism'd).

The jury's answers to Question 4 cannot support the $20,000 award. Question 4 inquired about unfair or deceptive acts or practices (CR 503), and a claim of unfair or deceptive acts or practices is an extra-contractual claim. *Hanson*, 5 S.W.3d at 327. Because USAA did not breach the policy (*see* RR 5:146-51, 153; RR 6:140-41), extra-contractual damages and attorney's fees based on extra-contractual damages are not recoverable. *See Boyd*, 177 S.W.3d at 922.

USAA respectfully requests the relief requested in its appellant's brief.

2

Respectfully submitted,

MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.


By: _____ */s/ Kevin G. Cain*_____
    Levon G. Hovnatanian
    State Bar No. 10059825
    *hovnatanian@mdjwlaw.com*
    Christopher W. Martin
    State Bar No. 13057620
    *martin@mdjwlaw.com*
    Kevin G. Cain
    State Bar No. 24012371
    *cain@mdjwlaw.com*
808 Travis, 20th Floor
Houston, Texas 77002
(713) 632-1700 – Telephone
(713) 222-0101 – Facsimile

**ATTORNEYS FOR APPELLANT**
**UNITED SERVICES AUTOMOBILE**
**ASSOCIATION**


## CERTIFICATE OF COMPLIANCE

This is to certify that this computer-generated APPELLANT UNITED SERVICES AUTOMOBILE ASSOCIATION'S SUPPLEMENT TO ITS APPELLANT'S BRIEF contains 494 words.


        */s/ Kevin G. Cain*_____
        Kevin G. Cain
        Dated:  June 1, 2015

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above APPELLANT UNITED SERVICES AUTOMOBILE ASSOCIATION'S SUPPLEMENT TO ITS APPELLANT'S BRIEF has been served on the following individuals on this, the 1st day of June, 2015, via electronic filing, with a courtesy copy sent via e-mail to Jennifer Bruch Hogan:

Jennifer Bruch Hogan
*jhogan@hoganfirm.com*
Richard P. Hogan, Jr.
*rhogan@hoganfirm.com*
HOGAN & HOGAN
909 Fannin, Suite 2700
Houston, Texas 77010

René M. Sigman
*rmsigman@mostynlaw.com*
THE MOSTYN LAW FIRM
3810 W. Alabama Street
Houston, Texas 77027

Randal Cashiola
*rcashiola@cashiolabeanlaw.com*
CASHIOLA & BEAN
2090 Broadway Street, Suite A
Beaumont, Texas 77701

*/s/ Kevin G. Cain*
Kevin G. Cain