

**FILED**

**August 25, 2015**

Third Court of Appeals

Jeffrey D. Kyle

Clerk

ACCEPTED
03-13-00286-CV
6610835
THIRD COURT OF APPEALS
AUSTIN, TEXAS
8/21/2015 7:54:45 PM
JEFFREY D. KYLE
CLERK

## No. 03-13-00286-CV

In the Third Court of Appeals

Austin, Texas

RECEIVED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
8/21/2015 7:54:45 PM
JEFFREY D. KYLE
Clerk

**RICHARD PATRICK FAGERBERG,**

*Appellant*

**v.**

**STEVE MADDEN, LTD., SXSW, INC., AND W3 EVENT SPECIALISTS, INC.,**

*Appellees*

APPEAL FROM CAUSE NO. D-1-GN-13-000933
261ST DISTRICT COURT OF TRAVIS COUNTY, TEXAS
HON. SUZANNE COVINGTON PRESIDING

### APPELLANT'S MOTION FOR REHEARING

TO THE HONORABLE THIRD COURT OF APPEALS:

Appellant Richard Patrick Fagerberg files this motion for rehearing in response to the Court's opinion and judgment issued on July 3, 2015.

### INTRODUCTION

Without hearing oral argument, a panel consisting of Justices Puryear, Pemberton, and Field affirmed the trial court's take-nothing summary judgment for Appellees Steve Madden, Ltd., SXSW, Inc., and W3 Event Specialists, Inc. This motion is limited to Fagerberg's claim against W3, namely the Court's conclusions

that W3's contract with Stubb's only obligated W3 to protect against crowd activities and that any duty would have been owed only to Stubb's and not to audience members.

**POINTS RELIED ON FOR REHEARING**

1.    In concluding that W3 owed no duty to Fagerberg, the Court misapplied the plain language of W3's contract with Stubb's and improperly relied on extraneous evidence when interpreting it.

2.    In concluding that W3 owed no duty to Fagerberg, the Court re-cast the issue into one W3 did not raise in the trial court or on appeal and improperly affirmed the summary judgment on an unraised ground.

**ARGUMENT**

**I.    The Court's Conclusion that the W3's Contractual Duty Was Limited to Addressing Crowd Activities Conflicts with the Contract's Plain Language**

The Court quoted testimony from a Stubb's representative that "W3 was hired to ensure crowd safety and 'monitoring the crowd inside the venue . . . If it requires escorting off the premises, things like that where contact, human contact would come into play, we rely on them [W3] to take care of that for us.'" Slip op. at 17-18. From this and the contract's use of the phrase "guard protection services," the Court concluded that "the evidence established that the contract

between W3 and Stubb's required W3 to protect against crowd activities" and nothing more. *See id.* at 19.

The Court improperly relied on parol evidence when neither party asserted ambiguity. *See Senna Hills, Ltd. v. Sonterra Energy Corp.*, No. 03-08-00219-CV, 2010 WL 143408, at *6 (Tex. App.—Austin Jan. 15, 2010, no pet.) ("Only after a contract is found to be ambiguous may parol evidence be admitted for the purpose of ascertaining the true intentions of the parties as expressed in the contract." (citations omitted)). More troubling is the Court's failure to apply the contract's plain language, even after quoting part of the operative portion in its opinion. The relevant clause states:

> The specific nature of the services to be undertaken by Guard Service include, but are not limited to, assessing Nightclub's and Venue's security needs, designing an appropriate security plan, implementing such security plan, and protecting with non-lethal, non-injurious and reasonable methods all property, employees, and other persons on the property of the Venue or Nightclub and to observe, monitor and act in accordance with applicable rules regulations and/or statutes to protect individuals from bodily harm from any potentially or actually hazardous or dangerous conditions and activities (specifically including, but not limited to, crowd activities such as moshing, stage diving, crowd surges, crowd surfing or similar crowd activities), and to report conditions to authorized personnel of the Nightclub and the Venue. The authorized personnel of the

CR 468 (highlighting added). Under this provision, W3's obligation clearly was not limited to "guard protection services" or crowd control. Rather, W3 expressly agreed to observe and monitor "***any*** potentially or actually hazardous or dangerous conditions and activities" and to "protect individuals from bodily harm" resulting from those conditions. This contractual duty was broad enough to cover the falling camera boom that indisputably injured Fagerberg. Rehearing should be granted.

## II.    The Court Erred by Basing Affirmance in Part on an Argument W3 Never Made

The Court went on to frame the duty issue in a way W3 had not: whether Fagerberg was a third-party beneficiary of the contract between W3 and Stubb's. *See* slip op. at 19 & n.11 (citing *Black + Vernooy Architects v. Smith*, 346 S.W.3d 877, 881-82 (Tex. App.—Austin 2011, pet. denied) (en banc)). The Court's resolution of this unargued point should not end the inquiry. Had Fagerberg been put on notice in the trial court that his status as a third-party beneficiary would be an issue, he could have tailored his summary-judgment evidence and arguments accordingly.[1] By raising that point for W3, the Court has affirmed a summary judgment on grounds not asserted in the trial court. *See Progressive County Mut.*

---

[1]    Fagerberg's live pleading alleged that W3 owed him a duty of reasonable care when performing its responsibilities under the contract. CR 39-40. In addition to the requirements for demonstrating a duty to a third-party beneficiary outlined in *Black*, Fagerberg may have expressly asserted a negligent-undertaking theory. *See Torrington Co. v. Stutzman*, 46 S.W.3d 829, 838 (Tex. 2000) (noting that "a duty may exist separately when a person undertakes to provide services to another, either gratuitously or for compensation").

4

*Ins. Co. v. Boyd*, 177 S.W.3d 919, 921 (Tex. 2005) (per curiam) (noting that affirmance on unraised grounds is not permitted). Rehearing should be granted.

### CONCLUSION AND PRAYER

For these reasons, Fagerberg respectfully asks the Court to grant this motion; sustain the points presented; and issue a substitute opinion reversing the summary judgment for W3 and remanding that portion of the case for further proceedings. Fagerberg requests all other appropriate relief to which he is entitled.

Respectfully submitted,

SMITH LAW GROUP LLLP

By: */s/D. Todd Smith*
    D. Todd Smith
    State Bar No. 00797451
    todd@appealsplus.com
1250 Capital of Texas Highway South
Three Cielo Center, Suite 601
Austin, Texas 78746
(512) 439-3230
(512) 439-3232 (fax)

*Lead Counsel for Appellant*

5

**CERTIFICATE OF COMPLIANCE**

This document complies with the typeface requirements of Texas Rule of Appellate Procedure 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document also complies with the word-count limitations of Rule 9.4(i) because it contains 675 words, excluding any parts exempted by Rule 9.4(i)(1).

*/s/ D. Todd Smith*
D. Todd Smith

# CERTIFICATE OF SERVICE

On August 21, 2015, in compliance with Texas Rule of Appellate Procedure 9.5, I served this document by e-service, e-mail, and/or mail to:

Steven J. Knight
CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY
1200 Smith Street, Suite 1400
Houston, Texas 77002-4496
*Counsel for Appellee Steve Madden, Ltd.*

Peter D. Kennedy
GRAVES, DOUGHERTY, HEARON & MOODY, P.C.
401 Congress Avenue, Suite 2200
Austin, Texas 78701
*Counsel for Appellee SXSW, Inc.*

John T. Dailey
ALLEN, STEIN & DURBIN, P.C.
6243 IH-1 0 West, 7th Floor
P. O. Box 101507
San Antonio, Texas 78201
*Counsel for Appellee W3Event Specialists, Inc.*

*/s/D. Todd Smith*
D. Todd Smith