**Affirmed in Part, Reversed and Remanded in Part, and Majority and Concurring and Dissenting Opinions filed December 8, 2020**



In The

# Fourteenth Court of Appeals

---

### NO. 14-18-01023-CV

---

### DENNIS FULLER AND LUCIE LAFRENIERE, Appellants

### V.

### RONY-CLAUDE LE BRUN AND EQUINOX DESIGN, INC., Appellees

---

**On Appeal from the 333rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 2015-36720**

---

### CONCURRING AND DISSENTING OPINION

I concur with the majority's affirmance of the trial court's summary judgment on appellants' negligence, breach of warranty, DTPA, breach of the Trust Fund Act, and breach of fiduciary duty causes of action. Because I disagree with the majority's reversal of the trial court's summary judgment on appellants' fraud causes of action, I respectfully dissent.

Appellants alleged two specific fraud claims against appellees. First,

appellants alleged that appellees misrepresented the quality of the work performed on their new home. Second, appellants alleged that Le Brun misrepresented that he was an architect. Appellees eventually moved for summary judgment on all of appellants' claims against them. The trial court granted appellees' motion only on appellants' tort claims.

Appellants remaining claims went to trial before a jury. At the conclusion of the evidence, the trial court submitted the case to the jury. Question 1 of the jury charge asked the jury "[d]id Equinox Design, Inc. fail to comply with the agreement?" The trial court instructed the jury that "Equinox failed to comply with the agreement if it constructed a defective and not code-compliant home." The jury answered "No." Question 5 of the charge asked the jury "[h]as Equinox Design, Inc. been unjustly enriched at the Fullers' expense?" The trial court then instructed the jury that "[u]njust enrichment occurs when a person has wrongfully secured a benefit or has passively received one which it would be unconscionable to retain. A person is unjustly enriched when he obtains a benefit from another by fraud, duress, or the taking of an undue advantage."[1] The jury answered "No" to Question 5. The trial court then signed a take-nothing judgment on appellants' claims against appellees.

Appellants argue on appeal that the trial court erred when it granted appellees' motion for summary judgment on their tort claims. Among other arguments, appellees assert that any error that may have been committed by the

---

[1] The jury charge did not include a legal definition of the word "fraud." It did, however, include an instruction that "[i]f [the trial court's] instructions use a word in a way that is different from its ordinary meaning, use the meaning I give you, which will be a proper legal definition." "Fraud" is defined as "deceit, trickery," a "trick," and an "impostor," or a "cheat." *Merriam-Webster Dictionary New Edition* 289 (2004). Similar to the ordinary meaning of "fraud," the legal "elements of fraud are: (1) that a material misrepresentation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury." *Italian Cowboy Partners v. Prudential Ins.*, 341 S.W.3d 323, 337 (Tex. 2011).

trial court when it granted the partial summary judgment was rendered harmless by the results of the subsequent jury trial. I believe that the jury's findings in response to Questions 1 and 5 rendered any error in the trial court granting summary judgment on appellants' fraud claims harmless. *See Progressive Cty. Mut. Ins. Co. v. Boyd*, 177 S.W.3d 919, 921 (Tex. 2005) ("We conclude that the subsequent events, being properly before the court of appeals and this Court, should be considered in determining harm from the trial court's grant of summary judgment."); *Zarate v. Rodriguez*, 542 S.W.3d 26, 40 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) ("The trial court also granted summary judgment on Zarate's affirmative defense of fraud. We conclude this error was harmless as well because the trial court submitted Zarate's common-law and statutory fraud claims for affirmative relief, containing similar elements, in Question 6. The jury answered 'No.'").

In their first fraud cause of action, appellants alleged that appellees misrepresented the quality of the work performed on their new home. By answering "No" to the first jury question, the jury necessarily found that: (1) appellees complied with the contract; (2) the home at issue did not have any defects; and (3) the home was code-compliant. I would hold that the jury's negative answer to Question 1 renders any error the trial court may have committed when it granted summary judgment on appellants' first fraud claim harmless. *See Progressive Cty. Mut. Ins. Co.*, 177 S.W.3d at 921; *Casa Del Mar Ass'n, Inc. v. Gossen Livingston Assoc., Inc.*, 434 S.W.3d 211, 222 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) ("As discussed above, the findings that the arbitration panel did make preclude Casa del Mar from being able to establish at least one essential element of each of its claims in this suit.").

The result is the same for appellants' fraud claim based on an alleged

3

misrepresentation by Le Brun that he was an architect. By answering question 5 of the charge "No," the jury necessarily found that appellees did not obtain a benefit by fraud or by the taking of an undue advantage. I would hold that this finding renders harmless any error the trial court may have committed when it granted summary judgment on appellants' second fraud cause of action. *See Progressive Cty. Mut. Ins. Co.*, 177 S.W.3d at 921; *Harpst v. Fleming*, 566 S.W.3d 898, 912 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (concluding that jury's finding that law firm complied with its fiduciary duty "negates recovery for appellants' breach of the [master settlement agreement] claim."); *Zarate*, 542 S.W.3d at 40 (concluding error in granting summary judgment on fraud affirmative defense harmless because affirmative fraud claims containing similar elements were submitted to and rejected by the jury); *Smith v. Moody Gardens, Inc.*, 336 S.W.3d 816, 821 (Tex. App.—Houston [1st Dist.] 2011, no pet.) ("Because the jury found against Smith on the statutory claim, that finding negates recovery for the common law claims" because they were substantively the same). Because I would affirm the trial court's summary judgment on all of appellants' tort claims, and the majority does not, I respectfully dissent.


/s/     Jerry Zimmerer
        Justice


Panel consists of Justices Zimmerer, Spain, and Hassan (Zimmerer, J., concurring and dissenting).