Opinion issued February 17, 2011



In The

Court
of Appeals

For The

First
District of Texas

————————————

NO.
01-09-00359-CV

———————————

DEREK SCOTT SMITH, Appellant

V.

MOODY
GARDENS, INC.,
Appellee



 



 

On Appeal from the 10th
District Court

Galveston County, Texas



Trial Court Case No. 06-CV-1158

 



 

O P I N I O N

          This appeal concerns a skater who fell
on an ice skating rink, purportedly due to a deep groove in the ice that had
resulted from improper maintenance.  The
skater, appellant Derek Scott Smith, appeals a take-nothing judgment following
a jury trial on his claim for breach of a statutory duty by the ice skating
rink operator, appellee Moody Gardens, Inc., and a summary judgment dismissing
his common law claims.  In two issues,
Smith contends that the jury’s finding of no breach of the statutory duty or no
proximate causation was against the great weight and preponderance of the
evidence and that the trial court erred by granting Moody Gardens’s motion for
summary judgment as to his common law claims for negligence and premises
liability.  We conclude that the jury’s
finding is supported by factually sufficient evidence and, therefore, affirm
the judgment as to Smith’s claim for breach of a statutory duty.  We also conclude that any error in the trial
court’s rendition of summary judgment as to Smith’s common law claims for
negligence and premises liability are harmless based on the jury’s findings
against Smith concerning his claim for a breach of a statutory duty.

Background

          Moody
Gardens operated an ice staking rink for a limited time during the winter
season.  Each day, Moody Gardens offered
two skating sessions open to the public: 
an afternoon session open at 12:00 p.m. and an evening session open from
6:00 to 10:00 p.m.  Moody Garden’s usual
operating practice was to resurface the ice once before each session.  In contrast, the evidence showed that the
standard industry practice is to resurface the ice once every hour.

          One
day in December 2005, Smith took his family to skate at the rink.  Sometime between 5:00 and 6:00 p.m., the ice
was resurfaced.  At around 8:45 p.m., the
Smith family began to skate.  After
taking a break off the ice, Smith re-entered the rink and skated toward his
wife to inform her he was ready to leave. 
As he approached his wife’s location, he slowed down, had a conversation
with her, and turned to leave the rink. 
Smith fell.  After falling, Smith
observed that his right blade was in a groove in the ice.  Although no one else saw the groove, the
evidence showed the ice skating surface was rough and bumpy at the time of
Smith’s fall.  The rink was fairly busy
that night, and a noticeable amount of ice shaving lay on the ice skating
surface.  As a result of his fall, Smith
suffered personal injuries.

          Smith
filed a lawsuit against Moody Gardens for common law negligence and premises
liability based on the assertion that the ice skating surface, particularly the
groove, constituted a defective premises condition, and for Moody Gardens’s
breach of its statutory duty as an ice skating rink operator to inspect and
maintain in good condition the ice skating surface.  The statutory claim was made under section
760.002 of the Texas Health and Safety Code, which we will refer to as the Ice
Skating Rink Statute.  Although the Ice
Skating Rink Statute lists multiple duties for ice skating rink operators,
Smith’s pleadings asserted only one violation of the statute, which was Moody
Gardens’s failure to inspect and maintain in good condition the ice skating
surface.  

Moody
Gardens filed motions for summary judgment for the statutory and common law
claims.  The trial court, without stating
its reasoning, granted Moody Gardens’s 
no-evidence motion for summary judgment as to Smith’s common law claims
for negligence and premises liability. 
The trial court, however, denied summary judgment on the statutory claim
that was later resolved by a jury verdict in favor of Moody Gardens.  The jury charge instructed the jury that
negligence referred to any failure of Moody Gardens to inspect and maintain in
good condition the ice skating surface. 
That definition for negligence is based on one of the statutory duties
in the Ice Skating Rink Statute.  The
jury determined that this negligence, if any, did not proximately cause Smith’s
fall.  Accordingly, the trial court
entered a take-nothing judgment.

Factual Sufficiency as to Breach of
the Statutory Duty

          In
his second issue, Smith asserts a factual sufficiency challenge to the jury’s
negative finding on his statutory claim. 
He contends that the great weight and preponderance of the evidence is
contrary to the jury’s finding that Smith’s fall was not proximately caused by
any failure of Moody Gardens to inspect and maintain in good condition the ice
skating surface.  

          A.      Standard of Review

          To
prevail on a challenge that the evidence is factually insufficient to support
an adverse finding on an issue on which the complaining party has the burden of
proof, that party must show that the adverse finding is against the great
weight and preponderance of the evidence. 
Dow Chem. Co. v. Francis, 46
S.W.3d 237, 242 (Tex. 2001); Marin v.
IESI TX Corp., 317 S.W.3d 314, 334 (Tex. App.—Houston [1st Dist.] 2010,
pet. filed).         In conducting a
factual sufficiency review, an appellate court must consider and weigh all the
evidence and should set aside the verdict only if the evidence is so weak or
the finding is so against the great weight and preponderance of the evidence
that it is clearly wrong and unjust.  Dow Chem., 46 S.W.3d at 242.  An appellate court addresses the sufficiency
of the evidence in light of the jury charge given and the jury findings in
response to that charge.  Barker v. Eckman, 213 S.W.3d 306, 313
(Tex. 2006); Marin, 317 S.W.3d at
334.  The jury is the sole judge of the
credibility of witnesses and the weight to be given to their testimony, and an
appellate court must not merely substitute its own judgment for that of the
jury.  Golden Eagle Archery, Inc. v. Jackson, 116 S.W.3d 757, 761 (Tex.
2003); Marin, 317 S.W.3d at 334.

          B.      Ice Skating Rink Statute

          An
ice skating rink operator may be held liable in negligence for damages for
personal injury only if the personal injury is caused by a breach of a duty
prescribed in section 760.002 of the Texas Health and Safety Code.  Tex.
Health & Safety Code Ann. § 760.006(a) (“Except for actions
against an operator for gross negligence, malice, or intentional conduct, an
operator is not liable in negligence for damages for personal injury, property
damage, or death unless the personal injury, property damage, or death is caused
by a breach of a duty prescribed in Section 760.002.”).  Section 760.002 lists the following duties of
an ice skating rink operator: 

(1)      
to provide during public skating sessions at least one rink monitor
approximately per 200 ice skaters,

 

(2)      
to require rink monitors to wear indentifying attire, direct and
supervise skaters and spectators, and watch for and timely remove foreign
objects on the ice skating surface, 

 

(3)      
to inspect and maintain in good condition the ice skating surface and
surrounding floors, railings, boards, and walls, 

 

(4)      
to inspect and maintain in good mechanical condition ice skating
equipment that the operator leases or rents to ice skaters, 

 

(5)      
to comply with the risk management guidelines for ice skating rinks
endorsed by the board of directors of the Ice Skating Institute of America on
August 27, 1996, 

 

(6)      
to post in conspicuous places in the ice skating center the duties of ice
skaters and spectators . . . ,

 

(7)      
to maintain the stability and legibility of all required signs, symbols,
and posted notices, and

 

(8)   to
maintain liability insurance of at least $500,000 combined single limits for
personal injury, death, or property damage. 


 

Id. § 760.002.  Although eight
duties are listed in the Ice Skating Rink Statute, only one is pleaded by Smith,
the duty to inspect and maintain in good condition the ice skating surface, and
this is the sole statutory duty mentioned in the jury charge.  See id. § 760.002(3).

          C.      Proximate Cause Requirement for Statutory
Claim

The charge
asks the jury whether “the negligence, if any, of [Moody Gardens] proximately
cause[d]” Smith’s fall.  The jury’s
response is “No.”  The charge poses a
compound question asking the jury to indicate “yes” only if (1) Moody Gardens
failed to inspect and maintain in good condition the ice skating surface and
(2) that failure proximately caused Smith’s fall.  By responding “No,” the jury indicates that
it found either (1) that Moody Gardens did not breach its statutory duty or (2)
that Moody Gardens breached its statutory duty but that the breach did not
proximately cause Smith’s fall. 
Accordingly, the evidence is factually insufficient to support the
jury’s response only if the great weight and preponderance of the evidence
indicates both that (1) Moody Gardens did breach its statutory duty and (2) the
breach is the proximate cause of Smith’s fall. 
See Dow Chem., 46 S.W.3d at 242; Marin, 317 S.W.3d at 334.  

The court’s
charge defines “proximate cause” as 

that
cause which, in a natural and continuous sequence, produces an event, and without
which cause such event would not have occurred. 
In order to be proximate cause, the act or omission complained of must
be such that a person using ordinary care would have foreseen that the event,
or some similar event, might reasonably result therefrom.  There may be more than one proximate cause of
an event. 

 

Cf. W. Invs., Inc. v. Urena, 162 S.W.3d 547, 550–51 (Tex.
2005) (stating elements of proximate causation in negligence action).  Proof of proximate causation, therefore,
requires both that (1) the breach caused in fact Smith’s fall and (2) a person
of ordinary intelligence would have anticipated the danger caused by the
breach.  Cf. W. Invs., 162 S.W.3d at
551; Sw. Key Program, Inc. v. Gil-Perez, 81 S.W.3d
269, 274 (Tex. 2002).  The dispositive
inquiry here focuses on the evidence concerning whether the breach of the duty
to inspect and maintain in good condition the ice skating surface caused in
fact Smith’s fall.  Unless the great
weight and preponderance of the evidence shows that Smith’s fall was caused in
fact by Moody Gardens’s breach of that statutory duty, we must uphold the
jury’s verdict.  See
W. Invs., 162 S.W.3d at 550–51; Sw. Key Program, 81 S.W.3d at 274. 

          D.      Analysis 

          Smith’s
only theory of the case, argued at trial and asserted on appeal, as to
causation in fact is that Moody Garden’s failure to inspect and maintain the
ice caused the formation of a deep groove and that it was this groove that
caused his fall.  The only evidence of
causation comes from Smith’s expert witness, who testified that a deep groove
in the ice could cause a serious fall. 
Nevertheless, even accepting the expert’s testimony, the jury could have
reasonably found against Smith.

          Other
than Smith, no one saw a deep groove in the ice before or after his fall.  The only evidence that a deep groove existed
is Smith’s own testimony that after his fall, he saw his right skate blade
stuck in a “deep groove” in the ice.[1]  However, this testimony was impeached by a
prior inconsistent statement made during Smith’s deposition in which he agreed
that the groove he saw was only “a little deeper than most.”  Moreover, Smith testified that immediately
prior to his fall, he did not feel his leg drop or the blade of his skate slip
into a groove.  Based on inconsistency in
Smith’s statements and his testimony that he did not feel any indication of the
groove, the jury could have reasonably found either that no groove existed or that
the groove existed but was not so deep as to cause a serious fall.  Furthermore, because there is no evidence
that a groove existed before Smith’s fall, the jury could have reasonably
believed that the groove was a result of Smith’s fall, not its cause.  We conclude that the great weight and
preponderance of the evidence does not render a jury finding of no causation in
fact clearly wrong and unjust.  See Dow
Chem., 46 S.W.3d at 242; Marin, 317 S.W.3d at 334.  We hold that the evidence
is factually sufficient to support the jury’s finding that Smith’s fall was not
proximately caused by any failure of Moody Gardens “to inspect and maintain in
good condition the ice skating surface.”

          We
overrule Smith’s second issue.

No-Evidence Summary Judgment

          In
his first issue, Smith contends that the trial court erred by granting Moody
Garden’s no-evidence motion for summary judgment as to his common law claims
for negligence and premises liability. 
Assuming the trial court erred by rendering summary judgment on the
common law claims for negligence and premises liability, we conclude the error
is harmless.

A judgment
may be reversed on appeal on the ground that the trial court made an error of
law only if the error complained of (1) probably caused the rendition of an
improper judgment or (2) probably prevented the appellant from properly
presenting the case to the appellate courts. 
Tex. R. App. P. 61.1.  Subsequent events in the trial court can
render the erroneous grant of summary judgment harmless.  Progressive
County Mut. Ins. Co. v. Boyd, 177 S.W.3d 919, 921 (Tex. 2005); see also Martin v. Martin, Martin & Richards,
Inc., 989 S.W.2d 357, 359 (Tex. 1998). 
Thus, in conducting a harm analysis, an appellate court should consider
subsequent events in the trial court that are properly before it.  Progressive
County Mut. Ins., 177 S.W.3d at 921. 

As
noted above, the jury determined that
any breach of the duty to inspect and maintain in good condition the ice
skating surface did not proximately cause Smith’s fall.  Smith seeks to re-litigate that same theory
re-characterized as claims for premises liability and ordinary negligence.[2]  Smith’s only theory for his common law claims
is that a groove in the ice caused his fall because Moody Gardens failed to
adequately maintain the ice skating surface to prevent the accumulation of ice
shaving and grooves.  This same theory
underlies the statutory claim found against Smith by the jury.  Because the jury found against Smith on the
statutory claim, that finding negates recovery for the common law claims.  See
Progressive County Mut. Ins.,
177 S.W.3d at 921; W. Invs.,
162 S.W.3d at 550.

Smith asserts that our decision in Alpert v. Riley supports his position
that the error is not harmless.  See Alpert v. Riley, 274 S.W.3d 277, 286
n.5 (Tex. App.—Houston [1st Dist.] 2008, pet. denied).  There, we determined that the jury charge did
not instruct the jury to apply any law or make any fact finding that the trial
court decided in the summary judgments.  See id. 
In contrast, here the jury’s finding against Smith on his statutory
claim includes the same facts and theory for Smith’s claims described in the
summary judgment.

          Smith
contends that we should remand the case so that he can pursue other statutory
duties under the Ice Skating Rink Statute.  But no other duties, other than the one
included in the jury charge, were pleaded by Smith.  The sole pleaded statutory duty was tried to
the jury following the denial of the summary judgment.  The trial court did not grant summary
judgment against Smith on his claims under the duties described in Ice Skating
Rink Statute, and he received a jury trial on the statutory duties that
he pleaded.  We may not, therefore,
reverse the summary judgment addressing the common law claims so that Smith can
pursue other duties described in the Ice Skating Rink Statute
because those statutory duties were not the basis of the summary judgment
rendered against him.  See Tex. R. Civ. P. 166a(c).

          Smith also
challenges Moody Gardens’ assertion that the Ice Skating Rink Statute entirely
precludes any common law claim.  Smith
contends Moody Gardens waived that argument by failing to present it at
trial.  Having determined that any error
in the summary judgment ruling was harmless for reasons other than the
exclusivity of the statute, we do not address that issue.

We overrule Smith’s first issue.

Conclusion

          We affirm the judgment of the trial
court. 

 

 

 

                                                                   Elsa
Alcala

                                                                   Justice


 

Panel consists of Chief Justice
Radack and Justices Alcala and Bland.











[1]           It
should be noted that Smith’s expert did insist on the existence of a deep
groove; however, he was neither a fact witness nor present on the day in
question.





[2]           Premises
liability and negligent-activity each
include elements that the defendant owed the plaintiff a duty of care, the
defendant breached the applicable standard of care, and the breach proximately
caused damages.  W.
Invs., Inc. v. Urena, 162 S.W.3d 547, 550 (Tex. 2005); Clayton W. Williams, Jr., Inc. v. Olivo, 952 S.W.2d 523, 529 (Tex.
1997); West v. SMG, 318 S.W.3d 430,
438 (Tex. App.—Houston [1st Dist.] 2010, no pet.).  The applicable standard of care for a
premises owner with respect to an invitee is that which a person of ordinary
prudence would have exercised under the same or similar circumstances.  See LMB,
Ltd. v. Moreno, 201 S.W.3d
686, 688 (Tex. 2006).  However, recovery
on a negligent-activity theory requires that the person have been injured by or
as a contemporaneous result of the activity itself rather than by a condition
created by the activity.  Keetch v. Kroger Co., 845 S.W.2d 262,
264 (Tex. 1992).