SOUTHERN INSURANCE
COMPANY, Appellant

v.

ADESA AUSTIN, Appellee.

No. 05–06–01200–CV.

Court of Appeals of Texas,
Dallas.

Nov. 16, 2007.

Mark R. Lee, Austin, TX, for Appellant.

Robert M. Jones, Dallas, TX, for Appellee.

Before Justices MOSELEY, LANG, and MAZZANT.

## OPINION

Opinion by Justice LANG.

Southern Insurance Company appeals the trial court's order granting ADESA Austin's motion for summary judgment and awarding ADESA Austin damages in the amount of $3,636. ADESA Austin has not filed a brief in this appeal.

In three issues, Southern Insurance argues the trial court erred when it granted ADESA Austin's motion for summary judgment because it established there is an issue of material fact regarding whether the underlying default judgment: (1)

altered the terms of the bond; (2) was obtained by "extrinsic fraud"; and (3) is void for lack of personal jurisdiction.

We conclude the trial court erred when it granted ADESA Austin's motion for summary judgment. The trial court's summary judgment is reversed and the cause is remanded to the trial court for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

ADESA Austin sued Hernando Cortez d/b/a Sierra Motors for damages resulting from an unpaid draft that was provided to ADESA Austin as payment for a motor vehicle. Cortez was served with the lawsuit by substituted service. On September 14, 2005, after Cortez failed to appear, a default judgment was entered awarding ADESA Austin damages in the amount of $2,995 and attorney's fees in the amount of $2,200, for a total judgment of $5,195. On September 15, 2005, ADESA Austin sent a letter to Southern Insurance demanding payment in the amount of $5,195 on Cortez's motor vehicle dealer's surety bond, which was issued by Southern Insurance. Southern Insurance refused to pay ADESA Austin's claim.

On March 30, 2006, ADESA Austin sued Southern Insurance to collect on its claim against Cortez's motor vehicle dealer's surety bond. Southern Insurance answered the lawsuit, generally denying the claim, specifically denying that Cortez endorsed or authorized the draft that was the subject of the underlying lawsuit, and asserting, as an affirmative defense, the underlying default judgment was void for lack of personal jurisdiction.

On May 16, 2006, ADESA Austin filed a motion for traditional summary judgment. On June 8, 2006, Southern Insurance responded to the motion for summary judgment, arguing there were issues of materi-

al fact precluding summary judgement. On June 9, 2006, the trial court granted ADESA Austin's motion for traditional summary judgment and awarded ADESA Austin damages in the amount of $3,636 and $4,481 in attorney's fees.

## II. TRADITIONAL SUMMARY JUDGMENT

In issues one through three, Southern Insurance argues there is an issue of material fact precluding summary judgment regarding whether the underlying default judgment: (1) altered the conditions of the bond because it was not based on the statutory conditions of the bond and does not state the draft was valid; (2) was obtained by "extrinsic fraud" because the draft was not endorsed or authorized by Cortez, and there is a variance in the evidence relating to the amount of the draft and any offsets or credits that should be applied; and (3) is void for lack of personal jurisdiction because substituted service of process was made at an address where Cortez was no longer doing business.

### A. Standard of Review

■■■ The standard for reviewing a traditional summary judgment is well-established. See *Sysco Food Servs. v. Trapnell*, 890 S.W.2d 796, 800 (Tex.1994); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex.1985); *First Union Nat'l Bank v. Richmont Capital Partners I, L.P.*, 168 S.W.3d 917, 923 (Tex.App.-Dallas 2005, no pet.). An appellate court reviews a summary judgment de novo to determine whether a party's right to prevail is established as a matter of law. See *Tittizer v. Union Gas Corp.*, 171 S.W.3d 857, 860 (Tex.2005); *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex.2005); *First Union*, 168 S.W.3d at 923. A party moving for traditional summary judgment

carries the burden of establishing that no material fact issue exists and that it is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex.2005); *Western Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex.2005); *First Union*, 168 S.W.3d at 923. A matter is conclusively established if ordinary minds could not differ as to the conclusion to be drawn from the evidence. *Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc.*, 644 S.W.2d 443, 446 (Tex. 1982); *First Union*, 168 S.W.3d at 923. When reviewing a summary judgment, an appellate court takes the nonmovant's competent evidence as true, indulges every reasonable inference in favor of the nonmovant, and resolves all doubts in favor of the nonmovant. *See Diversicare*, 185 S.W.3d at 846; *Urena*, 162 S.W.3d at 550; *Willrich*, 28 S.W.3d at 23–4; *First Union*, 168 S.W.3d at 923. Also, when reviewing a summary judgment, an appellate court considers all grounds presented to the trial court and preserved on appeal in the interest of judicial economy. *Diversicare*, 185 S.W.3d at 846. However, an appellate court may not affirm a summary judgment on grounds that were not raised in the trial court. *See Progressive County Mut. Ins. Co. v. Boyd*, 177 S.W.3d 919, 921 (Tex.2005) (per curiam).

### *B. Applicable Law*

In order to engage in business as a motor vehicle dealer, a person must secure a dealer general distinguishing number from the Texas Department of Transportation. *See* TEX. TRANSP. CODE ANN. § 503.021 (Vernon 2007); *see also Gramercy Ins. Co. v. MRD Inv., Inc.*, 47 S.W.3d 721, 722 n. 1 (Tex.App.-Houston [14th Dist.] 2001, pet. denied) (*Gramercy II* ). The Texas Department of Transportation may not issue or renew a dealer general distinguishing number without proof the dealer has obtained a $25,000 surety bond. *See* TEX. TRANSP. CODE ANN. § 503.033(a); *see also Old Rep. Sur. Co. v. Bonham State Bank*, 172 S.W.3d 210, 212 (Tex. App.-Texarkana 2005, no pet.); *Gramercy Ins. Co. v. Arcadia Fin. Ltd.*, 96 S.W.3d 320, 323 (Tex.App.-Austin 2001, pet. denied) (*Gramercy IV* ); *Gramercy II*, 47 S.W.3d at 722 n. 1; *Gramercy Ins. Co. v. Arcadia Fin. Ltd.*, 32 S.W.3d 402, 405 (Tex.App.-Houston [14th Dist.] 2000, no pet.) (*Gramercy I* ). The surety bond must be conditioned on: (1) the payment by the dealer of all valid bank drafts drawn by the dealer to purchase motor vehicles; and (2) transfer by the dealer of good title to each motor vehicle the dealer offers for sale. *See* TEX. TRANSP. CODE ANN. § 503.033(b); *see also Old Rep. Sur. Co.*, 172 S.W.3d at 213; *Gramercy IV*, 96 S.W.3d at 323–24; *Gramercy Ins. Co. v. Auction Fin. Program, Inc.*, 52 S.W.3d 360, 363 (Tex.App.-Dallas 2001, pet. denied) (*Gramercy III* ); *Gramercy II*, 47 S.W.3d at 725 n. 2; *Gramercy I*, 32 S.W.3d at 405.

A person may recover against a surety bond if the person obtains a judgment against the person issued a dealer general distinguishing number that "assess[es] damages and reasonable attorney's fees based on an act or omission on which the bond is conditioned." *See* TEX. TRANSP. CODE ANN. § 503.033(d); *see also Old Rep. Sur. Co.*, 172 S.W.3d at 214; *Gramercy IV*, 96 S.W.3d at 324; *Gramercy I*, 32 S.W.3d at 405. A surety's liability is determined by the language of the bond itself. *Gramercy IV*, 96 S.W.3d at 324; *Lawyers Sur. Corp. v. Riverbend Bank, N.A.*, 966 S.W.2d 182, 187 (Tex.App.-Fort Worth 1998, no pet.); *see also Gramercy II*, 47 S.W.3d at 725–26. A statute mandating a bond, such as section 503.033, is made a part of the bond and is controlling. *Gramercy IV*, 96 S.W.3d at 324; *Gramer-*

*cy III*, 52 S.W.3d at 364; *Gramercy I*, 32 S.W.3d at 404–05; *Lawyers Sur.*, 966 S.W.2d at 187.

 A motor vehicle dealer's surety bond obtained pursuant to section 503.033 is a judgment bond. *Old Rep. Sur. Co.*, 172 S.W.3d at 214; *see Lawyers Sur.*, 966 S.W.2d at 188. *But see Gramercy II*, 47 S.W.3d at 727; *Gramercy I*, 32 S.W.3d at 407–08 (motor vehicle dealer's surety bond is general undertaking bond that creates prima facie liability against surety who was not given opportunity to defend underlying suit and surety permitted to assert any valid defense that principal could have asserted). A judgment bond is one in which the surety agrees to be liable for a judgment based on a specific statutory violation covered by the bond. *Old Rep. Sur. Co.*, 172 S.W.3d at 214; *Lawyers Sur.*, 966 S.W.2d at 188. When a surety has contracted to be bound by a particular judgment that may be rendered against the principal, the judgment is conclusive against the surety even if the surety was not a party to the suit where the judgment was obtained. *Lawyers Sur.*, 966 S.W.2d at 188. Also, a surety on a judgment bond is bound by a default judgment against the principal even if the surety did not have notice of the prior suit against the principal. *Old Rep. Sur. Co.*, 172 S.W.3d at 214; *Lawyers Sur.*, 966 S.W.2d at 188. A default judgment against the principal is conclusive of the surety's liability, unless there is evidence of fraud, collusion, or that the default judgment altered the terms of the bond. *Old Rep. Sur. Co.*, 172 S.W.3d at 215, 219; *Lawyers Sur.*, 966 S.W.2d at 188; *see Gramercy III*, 52 S.W.3d at 368 (alters terms of judgment bond).

## C. Application of the Law to the Facts

 In issue two, Southern Insurance argues there is an issue of material fact regarding whether the underlying default judgment was obtained by "extrinsic fraud" because the draft was not endorsed or authorized by Cortez, and there is a variance in the evidence relating to the amount of the draft and any offsets or credits that should be applied. In its response to the motion for summary judgment, Southern Insurance argued it is not responsible for the unauthorized acts of a third party under the terms of the bond.

 Southern Insurance argues there is an issue of material fact regarding "extrinsic fraud." Extrinsic fraud is fraud that denied a losing party the opportunity to fully litigate at trial all the rights or defenses that could have been asserted. *Browning v. Prostok*, 165 S.W.3d 336, 347 (Tex.2005). It generally includes wrongful conduct occurring outside of the adversarial proceedings and must be collateral to the matter tried, not something that was actually or potentially in issue. *Id.* In contrast, intrinsic fraud relates to the merits of the issues that were presented and presumably were or should have been settled in the former action. *Id.* at 347–48. Intrinsic fraud includes fraudulent instruments, perjured testimony, or any matter which was actually presented to and considered by the trial court in rendering judgment. *Id.* at 348. In lawsuits brought pursuant to section 503.003, a surety is not liable if the underlying default judgment was obtained by "fraud." *See Old Rep. Sur. Co.*, 172 S.W.3d at 215, 219. Although Southern Insurance uses the term "extrinsic fraud," it's argument actually raises a ground, as stated in the case law, which we properly refer to as fraud. Accordingly, we review the summary judgment evidence to determine whether Southern Insurance raised an issue of material fact that the underlying default judgment was obtained by fraud.

In support of its motion for traditional summary judgment, ADESA Austin at-

tached: (1) a copy of a draft that was in the stated amount of $3,065 and signed "Hernando Cortez by B. Suarez,";[1] and (2) a copy of the underlying default judgment stating the amount of the draft was $2,995 and awarding ADESA Austin damages in that amount. Southern Insurance responded to the motion for summary judgment arguing, in part, there was an issue of material fact regarding whether the underlying default judgment was obtained by "extrinsic fraud." Accordingly, it asserts it is not bound by the underlying default judgment. In support of its argument, Southern Insurance attached the affidavit of Cortez stating he did not endorse the draft or authorize any other person to endorse the draft on his behalf. The trial court awarded ADESA Austin summary judgment damages in the amount of $3,636.

Cortez's motor vehicle dealer's surety bond was conditioned on the payment of all valid bank drafts drawn by Cortez d/b/a Sierra Motors to purchase motor vehicles as required by section 503.033(b). The draft purports to be signed by a third party on Cortez's behalf. However, Cortez stated he did not authorize anyone to sign it on his behalf. The summary judgment evidence raised an issue of material fact regarding whether Cortez endorsed or authorized the draft. We conclude Southern Insurance's summary judgment evidence raised an issue of material fact regarding whether the underlying default judgment was obtained by fraud because ordinary minds could differ as to the conclusion to be drawn from the evidence. *See Triton Oil,* 644 S.W.2d at 446 (matter conclusive if ordinary minds could not differ as to conclusion to be drawn from evidence). Issue two is decided in favor of Southern Insur-

ance. Accordingly, we need not address issues one and three.

## III. CONCLUSION

The trial court erred when it granted ADESA Austin's motion for traditional summary judgment because there is an issue of material fact regarding whether the underlying default judgment was obtained by fraud.

The trial court's summary judgment is reversed and the case is remanded to the trial court for further proceedings.

---

1. The signature of the person purporting to sign for Cortez is not legible. Southern Insurance does not identify the signature by name. However, it appears to be "B. Suarez."