# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10904
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 19, 2018

Lyle W. Cayce
Clerk

GLEN MOORE,

      Plaintiff - Appellant

v.

ALLSTATE TEXAS LLOYD'S,

      Defendant – Appellee

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CV-287

Before HIGGINBOTHAM, SMITH, and COSTA Circuit Judges.

PER CURIAM:[*]

Glen Moore appeals the district court's judgment dismissing his First Amended Complaint against Allstate Texas Lloyds for breach of contract and extra-contractual claims. For the reasons that follow, we affirm.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-10904

I.

Plaintiff Glen Moore purchased a residential insurance policy from Defendant Allstate Texas Lloyds to cover his property, located at 4503 Cresthaven, Colleyville, Texas, for loss due to storm-related events.

Moore alleges that on or around November 28, 2015, his property "suffered incredible damage due to storm related conditions." He then filed a claim with Allstate, and Allstate inspected the property three times: The first inspection occurred on or around January 3, 2016 when an Allstate employee examined the property and determined that no storm damage occurred; the second inspection occurred two weeks later when that same employee examined the property and reached the same conclusion; and the third inspection occurred on or around January 30, 2016 when Allstate sent an engineer from Haag engineering to inspect the property. On February 15, 2016, Allstate wrote to Moore, stating a "laundry list of perils, which Allstate would not cover under the claim."

Moore sued Allstate in state court asserting breach of contract and extra-contractual claims, namely breach of the common law duty of good faith and fair dealing, violations of the Texas Insurance Code, and violations of the Texas Deceptive Trade Practices Act ("DTPA") and "tie-in-statutes." Allstate removed the action to the Northern District of Texas, and the district court ordered the parties to file amended pleadings. Moore filed a First Amended Complaint ("FAC"), and Allstate moved to dismiss. The district court granted Allstate's motion, and Moore timely appeals.[1]

---

[1] Moore filed a motion to alter or amend the court's judgment pursuant to Rule 59(e), or in the alternative, for relief from final judgment under Rule 60(b), where he included, among other things, the insurance policy at issue as well as an estimate from his own adjuster. The district court denied the motion. Though Moore specifies that he appeals that denial, he fails to provide any arguments whatsoever about the district court's order, thereby waiving the issues for appeal. *See, e.g.*, *United States v. Thames*, 214 F.3d 608, 611 n.3 (5th Cir. 2000) (Failure to brief and argue an issue constitutes waiver.).

2

No. 17-10904

## II.

"A motion to dismiss may be granted only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations."[2] "We construe all of the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts in the complaint."[3] "We review a district court's grant of a motion to dismiss de novo."[4]

## III.

The district court determined that Moore failed to plead facts sufficient to state a viable breach of contract claim. Specifically, the court found that Moore's FAC failed to explain "what happened or the nature of, or even the extent of, the damages his property allegedly incurred;" what Allstate "did or failed to do that he alleges made the inspections inadequate;" or "the date on which he made his claim or explain why he says [Allstate's] response was untimely." The court further explained that Moore failed to allege "the exact nature of the contract, including a statement as to [Allstate's] obligations under the contract, how [Allstate] failed to comply with its contractual obligations, and how that damaged [Moore]." At most, the court observed, Moore's "complaint seems to be that he did not get paid as much as he thinks he should have been paid, but he has not alleged any facts to show that [Allstate] breached a contract between them."

On appeal, Moore argues that the court erred in dismissing his breach of contract claim, framing his arguments as responses to Allstate's contentions. In response to Allstate's assertion that Moore "failed to plead the settlement offered by [Allstate] was a breach of contract," Moore points to the following

---

[2] *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 529 (5th Cir. 1996) (internal quotation marks omitted).

[3] *Id.*

[4] *Haase v. Countrywide Home Loans, Inc.*, 748 F.3d 624, 630 (5th Cir. 2014).

statement in his FAC: "Despite objective evidence of such covered damages, [Allstate] has breached its contractual obligations under the subject insurance policy by failing to pay [Moore] benefits relating to the cost to properly repair [Moore's property], as well as for related losses. As a result of this breach, [Moore] has suffered actual and consequential damages." Moore next responds to the contention that he failed to identify the policy provision that Allstate breached, arguing that the FAC "was pled with short and simple statements" and that "detailed factual allegations such as, which exact provision of the policy [Allstate] breached are not required." Lastly, Moore addresses Allstate's statement that he "failed to plead evidence of what constitutes a reasonable settlement under the contract," arguing that the FAC "referenced the estimate by Raymond C. Choate, which includes the damages that [Allstate] failed to include in its adjustment, and consequently failed to pay despite the damage being caused by a covered loss."

We conclude that Moore fails to allege sufficient facts to state a breach of contract claim. Moore's first and second arguments are general assertions devoid of factual content. We also reject Moore's third argument. That Allstate's settlement did not match that of Moore's adjuster's estimate gives little insight into how Allstate breached its contractual duty to investigate Moore's damages. The district court therefore did not err in dismissing Moore's breach of contract claim.

## IV.

The district court next dismissed Moore's extra-contractual claims, stating "[t]here can be no recovery for extra-contractual damages for mishandling claims unless the complained of acts or omissions caused an injury independent of those that would have resulted from a wrongful denial of policy benefits." In addition, the court ruled that Moore's "conclusory

No. 17-10904

allegations and regurgitation of the Texas Insurance Code and DTPA" do not suffice to set out a viable cause of action.

Moore asserts that the court erred in dismissing his extra-contractual claims. He first contends that his FAC pled enough facts to state violations of the Texas Insurance Code and DTPA, pointing to references of Moore's adjuster and Allstate's failure to provide Moore with the engineering report. In addition, Moore claims that the court erred in its application of the independent-injury rule. According to Moore, in *Menchaca*, the Texas Supreme Court "established that if statutory violations cause an injury that is independent from breach of contract, then a plaintiff can recover even if the policy does not provide benefits." Moore contends that the independent-injury rule "does not reflect a pleading requirement, especially before any discovery has been conducted."

We conclude that the court properly dismissed Moore's extra-contractual claims. As an initial point, Moore is correct to point to *Menchaca*, which the Texas Supreme Court issued after the district court dismissed Moore's FAC.[5] That said, Moore misreads *Menchaca*. In that case, the Texas Supreme Court, setting out to clarify the "relationship between contract claims under an insurance policy and tort claims under the Insurance Code," announced the following five rules:

> First, as a general rule, an insured cannot recover policy benefits as damages for an insurer's statutory violation if the policy does not provide the insured a right to receive those benefits. Second, an insured who establishes a right to receive benefits under the insurance policy can recover those benefits as actual damages under the Insurance Code if the insurer's statutory violation causes the loss of the benefits. Third, even if the insured cannot establish a present contractual right to policy benefits, the insured can recover benefits as actual damages under the Insurance Code

---

[5] *USAA Tex. Lloyds Co. Menchaca*, 545 S.W.3d 479, 484, 489 (Tex. 2018).

if the insurer's statutory violation caused the insured to lose that contractual right. Fourth, if an insurer's statutory violation causes an injury independent of the loss of policy benefits, the insured may recover damages for that injury even if the policy does not grant the insured a right to benefits. And fifth, an insured cannot recover *any* damages based on an insurer's statutory violation if the insured had no right to receive benefits under the policy and sustained no injury independent of a right to benefits.[6]

Moore relies on the fourth rule—*i.e.*, "if an insurer's statutory violation causes an injury independent of the loss of policy benefits, the insured may recover damages for that injury even if the policy does not grant the insured a right to benefits." Moore, however, omits the court's explanation that this independent-injury rule applies "only if the damages are truly independent of the insured's right to receive policy benefits."[7] That is, the independent-injury rule "does not apply if the insured's statutory or extra-contractual claims 'are predicated on [the loss] being covered under the insurance policy' . . . or if the damages 'flow' or 'stem' from the denial of the claim for policy benefits."[8] The court further explained that "[w]hen an insured seeks to recover damages that 'are predicated on,' 'flow from,' or 'stem from' policy benefits, the general rule applies and precludes recovery unless the policy entitles the insured to those benefits."[9]

Contrary to Moore's view, *Menchaca* does not warrant reversal. Applied here, Moore's common law and statutory bad-faith claims, as alleged in his FAC, are predicated on the loss being covered under his residential policy. Thus, the general rule applies. Because Moore fails to state a breach of contract

---

[6] *Id.* at 484, 489.
[7] *Id.* at 499–500.
[8] *Id.* at 500 (citations omitted).
[9] *Id.*

No. 17-10904

claim, and thus a right to receive policy benefits, Moore cannot recover for Allstate's alleged extra-contractual violations.[10]

## V.

We affirm the district court's grant of Allstate's motion to dismiss.

---

[10] *See id.* at 499–500; s*ee also Progressive Cty. Mut. Ins. Co. v. Boyd*, 177 S.W.3d 919, 920–22 (Tex. 2005) (per curiam) (holding that a trial court's take-nothing judgment on the contract claim "negate[d]" the extra-contractual claims when the insured's extra-contractual claims were "predicated on [the] insurance policy and the accident being covered under the insurance policy").