

# NUMBER 13-23-00302-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**LAURA ELENA SALINAS,**                                              **Appellant,**

**v.**

**FARMERS TEXAS COUNTY
MUTUAL INSURANCE COMPANY,**                              **Appellee.**

---

## ON APPEAL FROM THE 398TH DISTRICT COURT
## OF HIDALGO COUNTY, TEXAS

---

# MEMORANDUM OPINION

### Before Chief Justice Tijerina and Justices Peña and West[1]
### Memorandum Opinion by Chief Justice Tijerina

Appellant Laura Elena Salinas appeals the trial court's granting of summary

judgment in favor of appellee Farmers Texas County Mutual Insurance Company

---

[1] The Honorable Nora L. Longoria, former Justice of this Court, did not participate in this opinion because her term of office expired on December 31, 2024. In accordance with the appellate rules, she was replaced on panel by Justice Jon West.

(Farmers). By her sole issue, Salinas argues that Farmers did not conclusively show that she had no viable cause of action. We affirm.

## I.   BACKGROUND

Salinas was involved in a car accident on April 12, 2019, and settled her claims against a third-party tortfeasor. On June 28, 2022, Salinas sued Farmers, her insurance carrier, for insurance code violations, complaining of Farmers' adjuster's actions. In her petition, Salinas clarified that she was "unequivocally not seeking any of the proceeds and/or benefits owed [pursuant to the under-insured] policy available to [her] at the time she submitted her under-insured claim for the injures [she] sustained as a result" of the collision. Instead, Salinas sought claims under the Texas Insurance Code, alleging the adjuster's conduct and actions resulted in "injuries and damages to [her] that are independent of and apart from her" insurance policy claims.

Farmers filed a motion for summary judgment asserting that "an insured cannot recover policy benefits from an insurer[']s statutory violation if the insured does not have a right to those benefits under the policy." Farmers asserted that because Salinas has not established her right to any benefits under the policy, which is a condition precedent to recovery, she cannot prevail on a breach of contract claim. Additionally, Farmers argued that the independent injury exception does not apply because Salinas's claim "flows from the denial of her claim for policy benefits." Thus, according to Farmers, Salinas has not alleged an independent injury.

2

Salinas replied asserting that she may bring an "extra-contractual cause[] of action against [Farmers] for violation of the Texas Insurance Code without first having to obtain a judg[]ment establishing the liability and underinsured status of the underlying third-party tortfeasor." Salinas further asserted that she alleged new and independent injuries such as mental anguish resulting from Farmers' insurance code violations. Following a hearing, the trial court granted Farmers' motion for summary judgment. This appeal followed.

## II.    STANDARD OF REVIEW

We review a trial court's summary judgment ruling de novo. *Travelers Ins. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008).

A party without the burden of proof who conclusively negates at least one essential element of a cause of action is entitled to summary judgment on that claim. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010); *see* TEX. R. CIV. P. 166a(b), (c). Once the movant produces sufficient evidence to establish the right to summary judgment, the burden shifts to the claimant to come forward with competent controverting evidence that raises a fact issue. *Phan Son Van v. Pena*, 990 S.W.2d 751, 753 (Tex. 1999).

3

### III.    INDEPENDENT INJURY

By her sole issue, Salinas argues the trial court erred by granting Farmers' motion for summary judgment because she pleaded a viable claim under the independent-injury theory.

In *Menchaca*, the Supreme Court of Texas "recognized two paths an insured may take to establish the damages caused by an insurer's violation of the Insurance Code." *In re State Farm Mut. Auto. Ins.*, 629 S.W.3d 866, 872 (Tex. 2021) (orig. proceeding); *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 500 (Tex. 2018). Either the insured establishes: (1) "a right to receive benefits under the policy" or (2) "an injury independent of a right to benefits." *In re State Farm*, 629 S.W.3d at 872 (quoting *Menchaca*, 545 S.W.2d at 500). The parties agree that only the second path, the independent-injury rule, applies here. Under the second path, if an insurer's statutory violation causes an injury independent of the insured's right to recover policy benefits, the insured may recover damages for that injury even if the policy does not entitle the insured to receive benefits. *Id.* at 873 (quoting *Menchaca*, 545 S.W.2d at 499). "[T]here is no alternative to these two pathways." *Id.* Because these are the only paths to establishing damages, "an insured cannot recover *any* damages based on an insurer's statutory violation if the insured had no right to receive benefits under the policy and sustained no injury independent of a right to benefits." *Id.*

Relying on *Menchaca*'s second path, Salinas alleged that Farmers caused her an independent injury by violating the insurance code. In the trial court, Salinas complained

of Farmers': failure "to effectuate a prompt, fair and equitable settlement of her claim;" "unfair negotiating tactics"; "utter lack of any explanation on how [it] came to [the] settlement amount [it] offered to resolve [her] under-insured claim"; and failure "to conduct a reasonable investigation." According to Salinas's pleading, this caused her "grief, severe disappointment, humiliation, indignation and shame" when she "thinks about how [Farmers] violated its statutory obligations in how it responded to and how it treated her claim."

"When an insured seeks to recover damages that are predicated on, flow from, or stem from policy benefits, the general rule applies and precludes recovery unless the policy entitles the insured to those benefits." *Menchaca*, 545 S.W.3d at 500. Although there is "the possibility that in denying a claim, the insurer may commit some act, so extreme, that would cause injury independent of the policy claim," *In re State Farm*, 629 S.W.3d at 847, a successful independent-injury claim is rare—so rare that the *Menchaca* Court remarked, "we in fact have yet to encounter one." 545 S.W.3d at 500. This aspect of the independent-injury rule applies only if the damages are "truly independent" of the insured's right to receive policy benefits. *Id.* That is, to recover under an independent-injury theory, Salinas must have established that Farmers' statutory violations caused an injury apart from its failure to pay. *In re State Farm*, 629 S.W.3d at 874.

Salinas emphasizes that her claims under the insurance code are not premised on the denial of benefits and instead are premised on Farmers' act of mishandling its investigation and its failure to explain its decision. "But as explained in

5

*Menchaca* . . . when it comes to damages, the question is not whether [Salinas's] *claims* are independent of the right to receive policy benefits. The question is whether the alleged *damages* are truly independent of Salinas's right to receive policy benefits." *Id.*; *see also Provident Am. Ins. v. Castañeda*, 988 S.W.2d 189, 198 (Tex. 1998) ("[N]one of the actions or inactions of Provident American was the producing cause of any damage separate and apart from those that would have resulted from a wrongful denial of the claim."). Salinas cannot simply allege statutory claims under the insurance code and thereby bypass the requirement that she establish her rights to receive benefits under its policies. *See In re State Farm*, 629 S.W.3d at 874 n.2. The only damages claimed by Salinas are predicated on Farmers' obligation to pay her under its policy, and hence, are not damages truly independent of her right to receive policy benefits. *See id.* at 874 ("[T]he insured's theory of damages is that if State Farm had followed the Insurance Code, it would have paid more in [under-insured] benefits that it did.").

On the contrary, Salinas's entitlement to damages "is entirely predicated on [her] entitlement to policy benefits," and she asserts no injury "independent of the denial or underpayment of benefits." *Id.* ("Their statutory claims are merely a means to recoup damages in the amount of a reasonable settlement offer under the policies; they are not 'truly independent' of Nicastro's and Dodds' rights to receive policy benefits."). Accordingly, Salinas cannot recover from Farmers' alleged insurance code violations under an "independent-injury" theory. *See id.* at 875; *Progressive Cnty. Mutual Ins. Co. v. Boyd*, 177 S.W.3d 919, 920–22 (Tex. 2005) (per curiam) (concluding that insured's

common-law conversion claim, common-law bad-faith claim, and statutory claims were all "negated" because policy did not cover underlying losses and insured did "not allege that he suffered any damages unrelated to and independent of the policy claim"); *see also Mid–Continent Cas. Co. v. Eland Energy, Inc.*, 709 F.3d 515, 521–22 (5th Cir. 2013) ("[N]o Texas court has yet held that recovery is available for an insurer's extreme act, causing injury independent of the policy claim."). Therefore, the trial court did not err when it granted Farmers' motion for summary judgment. *See Fernandez*, 315 S.W.3d at 508. We overrule Salinas's sole issue.

## IV. CONCLUSION

We affirm the judgment of the trial court.

JAIME TIJERINA
Chief Justice

Delivered and filed on the
30th day of January, 2025.

7